MILLER *v.* CURTISS.

(*Superior Court of New York City, General Term.*   July 2, 1891.)

DECEIT—EVIDENCE.

In an action to recover the amount paid defendant for shares of stock, it appeared that plaintiff, desiring to purchase some of the stock, was told by defendant that one A. had some shares for sale, whereupon plaintiff asked defendant to purchase the shares for him.   Defendant then transferred shares owned by himself to plain-

tiff, who thought they were bought from A., and paid the money therefor. *Held,* that such conduct was fraudulent on defendant's part, and that plaintiff was entitled to recover the money so paid.

Exceptions from jury term.

Action by W. H. Haydn Miller against William H. Curtiss. There was a verdict for plaintiff, and defendant's exceptions were ordered to be heard at general term in the first instance. For former report, see 13 N. Y. Supp. 604.

Argued before FREEDMAN, P. J., and DUGRO and GILDERSLEEVE, JJ.

*Marshall P. Stafford,* for plaintiff. *Leavitt & Keith,* (*John Brooks Leavitt,* of counsel,) for defendant.

DUGRO, J. The defendant's exceptions were ordered to be heard in the first instance at general term. It seems the plaintiff told defendant to see whether Allen would sell his stock. Some time later, defendant informed plaintiff that Allen's stock could be got, and was then told to buy it for plaintiff. Defendant thereupon transferred to plaintiff his own stock instead of Allen's; the plaintiff believing that he was buying that of Allen. The plaintiff, having offered to return the stock to the defendant, and having demanded and been refused the return of the purchase money, asked for judgment for the amount paid. These facts appear conclusively from the evidence, and upon them the plaintiff is entitled to a judgment upon the verdict, unless there be a valid exception in the case. The case discloses none. The purchase was by defendant from himself, without any authority from the plaintiff, and, in view of the relation existing between the parties, was a constructive fraud. *Conkey* v. *Bond,* 36 N. Y. 427. The defendant, as in *Gillett* v. *Peppercorne,* 3 Beav. 78, was in a situation of trust, which did not allow him to deal with his own property when his principal had reason to believe he was dealing with another's. The plaintiff was entitled to be put into possession of the actual facts, and their suppression was an act of impropriety, to be discountenanced. Doubtless, no fraudulent or corrupt intent impelled the defendant in making the sale himself; but the law has settled it that such facts and circumstances as appear in this case show constructive fraud. *Conkey* v. *Bond,* 34 Barb. 283. The exceptions are overruled, and judgment is ordered to be entered for the plaintiff upon the verdict, with costs.

GILDERSLEEVE, J., concurs.

FREEDMAN, P. J., (*concurring.*) The reasons assigned by the general term upon the former appeal for a reversal of the judgment which the defendant had obtained compel me to concur in the result now announced by Judge DUGRO.