By the Court.—Dugro, J.
The defendant’s exceptions were ordered to be heard in the first instance at general term.
It seems the plaintiff told defendant to see whether Allen would sell his stock. Some time later defendant informed plaintiff that Allen’s stock could be got and was then told to buy it for plaintiff. Defendant thereupon transferred to plaintiff his own stock instead of Allen’s, the plaintiff believing that he was buying that of Allen. The plaintiff having offered to return the stock to the defendant and having demanded and been refused the return of the purchase money, asked for judgment for the amount paid. These facts appear conclusively from the evidence, and upon them the plaintiff is entitled to a judgment upon the verdict, unless there be a valid exception in the case. The case discloses none.
The purchase was by defendant from himself without any authority from the plaintiff, and in view of the relation existing between the parties, was a constructive fraud. Conkey v. Bond, 36 N. Y. 427.
The defendant, as in Gillette v. Peppercorn, 3 Beav. 78, was in a situation of trust, which did not allow him to deal with his own property when his principal had reason to believe he was dealing with another’s. The plaintiff was entitled to be put into possession of the actual facts, and their suppression was an act of impropriety to be discountenanced. Doubtless no fraudulent or corrupt intent impelled the defendant in making the *505 sale himself, but the law has settled it that such facts and circumstances as appear in this case show constructive fraud. Conkey v. Bond, 34 Barb. 283.
The exceptions are overruled and judgment is ordered to be entered for the plaintiff upon the verdict, with costs.
Gildersleeve, J., concurred.