JOHN P. LIBBY *vs.* COUNTY OF ANOKA.

### May 29, 1888.

County Treasurer—Duties and Compensation.—It is the official duty of
a county treasurer to receive, keep, and disburse all money belonging to
his county, in respect to which no specific provision is otherwise made.
So *held* concerning the proceeds of the sale of county bonds issued to raise
money for building a bridge.   Hence the county treasurer was not en-
titled to extra compensation therefor, although the board of county com-
missioners had agreed with him to pay the same.

Appeal by plaintiff from an order of the district court for Anoka
county, *Lochren,* J., presiding, sustaining a demurrer to the complaint.

*Hammons & Hammons,* for appellant.

*D. L. Bugbee,* for respondent.

DICKINSON, J.   The plaintiff prosecutes this action to recover com-
pensation for receiving and disbursing, while filling the office of county
treasurer, the sum of $30,000, the proceeds of bonds of the county of
Anoka, issued by it and negotiated, pursuant to an act of the legis-
lature in 1881 (Sp. Laws, *c.* 262) authorizing this to be done, for
the purpose of constructing a bridge across the Mississippi river.   He
alleges a special agreement with the board of county commissioners,
in advance, that he should receive as compensation 2 per cent. of
the amounts to be received and disbursed for this purpose.   The
court below sustained a demurrer to the complaint.

The plaintiff concedes that, if the receiving, keeping, and disbursement of these funds was within the scope of the official duty of the county treasurer, he has no right to recover the agreed extra compensation. While there was no statutory provision declaring that these specific funds should be received into the county treasury, and kept and disbursed as county funds are administered in general, we discover no reason to doubt that under the general provisions of the statute, and in accordance with the established system of administering county affairs, it was the official duty of the county treasurer to receive, keep, and pay out this money. That the county treasurer is the proper custodian of all money belonging to the county, unless some special provision is made to the contrary, may be gathered from the very name and nature of the office, and from the general duties prescribed relating to that office. It would be strange indeed if our system of county government had embraced no plan for the safekeeping and proper disbursement of and accounting for all county funds. It is perhaps a sufficient consideration for the determination of this question that the statute creates this office, and makes careful provision respecting the administration of the office in these and other particulars, and that no other officer is invested with authority or charged with the duty of receiving, keeping, disbursing, and accounting for the county funds. While we look upon the whole structure of the statute relating to county treasurers as having been framed in accordance with a manifest intention that they are to be charged with responsibility for and disbursement of all county funds, where no other specific provision is made, this is still more apparent from some of its particular provisions, such as that which declares that "all the funds of any of said counties in this state shall be deposited by the county treasurer," as specified.

Order affirmed.