### JOHN GERKEN *vs.* COUNTY OF SIBLEY.

### November 22, 1888.

County Treasurer — Duties — Payments for School Lands. — Gen St. 1878, *c.* 38, §§ 35, 40, authorize payments for school lands, principal and interest, to be made to the county treasurer, who is required to pay the same over to the state treasurer.

Same—Disposition of Fees and Percentages.—The county treasurer is the custodian of such funds by virtue of his office, and, under Gen. St. 1878, *c.* 8, § 172, (which is applicable to this case,) his annual salary, as thereby fixed, was intended as full compensation for his official services, and he was not permitted to retain the fees and percentage allowed for handling the proceeds of state lands, in addition to his salary; but all fees and percentage, as well from that source as others, in excess of the amount provided by that section for his salary, were to be paid, at the end of each year, into the revenue fund.

Same—Statute held not Mandatory.—Sp. Laws 1887, *c.* 213, authorizing the board of county commissioners of Sibley county to repay to the plaintiff the amount in controversy, is not mandatory, and the question of the validity of the claim was still open for judicial determination.

Appeal by defendant from an order of the district court for Sibley county, *Edson*, J., presiding, overruling its demurrer to the complaint.

v.39M—28

*W. H. Leeman,* for appellant.

*Cadwell & Parker,* for respondents.

VANDERBURGH, J. The plaintiff was county treasurer of Sibley county from 1876 to 1880, and claims to be entitled to fees or percentage for receiving and paying over moneys on account of sales of school lands during his term of office, in addition to the amount of annual salary, as limited by the statute. Gen. St. 1878, c. 38, §§ 35, 40, authorize payments for school lands, principal and interest, to be made to the county treasurer, who is required to pay the same to the state treasurer. He thereby becomes the custodian of these funds by virtue of his office, and the receipt and payment thereof are a part of his official duty as county treasurer. *Libby* v. *County of Anoka,* 38 Minn. 448, (38 N. W. Rep. 205.) But by Gen. St. 1878, c. 8, § 172, which is applicable to the case at bar, it is provided that no county treasurer shall receive for his personal services in any one year more than the sum named in that section, fixed on the basis of the total valuation of taxable property in the county; "and all moneys received as fees or percentage, in excess of the amount provided for in this act, shall be paid by the county treasurer, at the end of each year, into the revenue fund of the county." The words, "amount provided for in this act," mean the amount of salary, as designated and limited in the proviso of the section; and the words, "fees and percentage," include the fees allowed for handling the proceeds of the state lands, as well as the percentage of fees allowed in other cases. The annual salary allowed is intended as full compensation for his official services, and out of the fees and money collected by him he is not permitted to retain anything in excess thereof.

The special act of 1887, (Sp. Laws, c. 213,) authorizing the payment to the plaintiff of the amount in controversy, is not compulsory upon the board, and its constitutionality might well be questioned if it were, as there does not appear to be any such obligation, legal or moral, back of it, as to warrant an appropriation of the public funds to the use of the plaintiff for the purposes contemplated. *State* v. *Foley,* 30 Minn. 350, (15 N. W. Rep. 375.) The question was left open for judicial inquiry.

Order reversed.