## ANDREW TROVATON v. COUNTY OF PENNINGTON.[1]

December 29, 1916.

Nos. 20,182—(138).

**County treasurer — compensation for collecting ditch assessments.**

> A county treasurer is not entitled to compensation in addition to his salary for making collection of instalments of principal and interest on assessments for the construction of county ditches.

Andrew Trovaton filed a claim against Pennington county for the sum of $58.76. From the action of the county board in disallowing it, he appealed to the district court for that county where the appeal was heard upon stipulated facts by Grindeland, J., who ordered judgment for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *H. O. Kjomme,* County Attorney, for appellant.

*Stanton & Rowberg,* for respondent.

HALLAM, J.

Plaintiff, county treasurer of Pennington county, on December 31, 1914, presented a bill to the county for "fees collections on Ditches from Nov. 1, 1913, to Dec. 31, 1914." The bill was for services in making collection of instalments of principal and interest on assessments for 12 county ditches which had been previously constructed. The county board disallowed the claim and plaintiff appealed to the district court. The court allowed the claim. There is no question as to the amount of the claim, if the treasurer is entitled to receive any allowance from the county for this service.

[1]Reported in 160 N. W. 766.

---

Note.—The question of right of public to fees unlawfully collected by public officer for his own benefit is discussed in a note in 20 L.R.A. 1015.

The treasurer receives a regular salary fixed by law. This case involves the question whether he is entitled to charge fees against the county in addition to his salary for services in making collection of assessments levied in county ditch proceedings. It seems to us he has no such right. The statutes relating to the collection of such assessments do increase somewhat the duties and responsibilities of the county treasurer. The construction of ditches increases the amount of money which the treasurer is obliged to handle, and increases the amount of book-keeping in his office. But it is well settled that a county treasurer, like all salaried officers, takes his office *cum onere,* and if the statutes increase the duties of the office by the addition of other duties, he is not entitled to additional compensation unless additional compensation is provided by statute. Gerken v. County of Sibley, 39 Minn. 433, 40 N. W. 508; State v. Smith, 84 Minn. 295, 87 N. W. 775; Board of Co. Commrs. of Hennepin County v. Dickey, 86 Minn. 331, 90 N. W. 775; Mechem, Public Offices and Officers, § 862; Throop, Public Officers, §§ 478-479. There is in fact no claim in this case of any right to increased compensation, unless the terms of the statute can be construed to authorize it. The claim is that the statute does authorize increased compensation.

The basis for the claim is G. S. 1913, § 5571, which provides for the allowance of certain fees and expenses "for services rendered under this act," among which are the following:

"To the county auditor, the county attorney, the attorney for petitioners, the clerks of the district court, the register of deeds, the sheriff and other officers or persons performing duties hereunder, such reasonable compensation as shall be fixed by the county board * * *."

Plaintiff contends that the authorization of other compensation to "other officers * * * performing duties hereunder" includes a county treasurer. It is the contention of the state, first, that the treasurer, not being named, is not one of the officers for whom compensation is provided, and, second, that the services in question are not services for which compensation is provided. It may be that the words "and other officers * * * performing duties hereunder" are broad enough to include the county treasurer, if in making these collections he performs any

service of the character for which compensation is provided. We think, however, that he does not.

The ditch law contemplates that all cost and expense incident to the construction of ditches shall be borne, not by the public generally, but by the parties benefited, and that the cost and expense shall be paid, not out of funds raised by general taxation, but out of funds raised by assessment against the land benefited. Provision is accordingly made that the county auditor shall make a statement giving the total cost of the ditch and the description of the lands benefited, and the amount of the benefit to each parcel (G. S. 1913, § 5543), and upon the filing of the county auditor's statement the amount assessed against each parcel becomes a lien thereon. Section 5544. Such liens are paid in ten annual instalments, which the county board may increase to 15 annual instalments, the first to be payable at the end of five years. G. S. 1913, § 5548. Provision is made for the issuance of bonds to presently defray the "expense incurred or to be incurred in locating, constructing and establishing" the ditch, and the word "expense" is construed to mean and to cover every item of cost of said ditch from its inception to its completion, and "all fees and expenses to be incurred in pursuance thereof." Section 5542.

The services for which charge is made in this case are not services rendered in connection with the establishment or construction of the ditch, but services rendered after the construction was complete. If the county treasurer is entitled to compensation for his services involved in the collection of these assessments, the county auditor is likewise entitled to compensation for the services performed by him in connection with the collection and distribution of assessments. It is the opinion of the court that neither officer is entitled to such compensation.

There is no provision in the statute for allowance for services of any character, save such as may be included in the amounts for which a lien is given upon land benefited by the ditch.

Sections 5542, 5543 and 5571, taken together, clearly intend that there shall be no allowance for services except such as are properly audited and allowed at the time of the construction of the ditch. There is no provision for allowances to be made from year to year during the years to come.

Section 5542 provides for allowances to officers and persons named only for services rendered in "locating, constructing and establishing" the ditch "from its inception to its completion." While some liberality may be indulged in determining what is meant by "completion" of the ditch, we can find no warrant for so construing it as to authorize allowances for services to be rendered 20 years in the future. If there were any such authority, no such allowance was ever made in this case, and if the trial court is sustained the claim of plaintiff will have to be paid, not by the parties benefited by the improvement as the law provides, but out of funds derived from general taxation. This, as above stated, the statute does not contemplate.

We think that the allowance to the county treasurer of compensation in addition to his salary, for collecting ditch assessments, is not authorized by statute, and the judgment sustaining such allowance must be reversed.

So ordered.