PUBLIC OFFICER—ASSIGNMENT OF CLAIM—PUBLIC POLICY.

Under Code Civ. Proc. § 1910, declaring assignment of a claim void which would contravene public policy, an assignment to the county superintendent of the poor of claims of a contractor with him, as such superintendent, for providing homes for indigent children of the county, is not enforceable.

Application by the people, on the relation of Charles W. Spaulding, for a writ of mandamus against the board of supervisors of Saratoga county. Denied.

Horace E. McKnight (E. T. Brackett, of counsel), for relator.
W. D. McNulty, for respondent.

RUSSELL, J. The relator seeks a peremptory writ of mandamus against the board of supervisors of Saratoga county to compel the payment of a claim assigned to him. The assignor, W. J. Maybee, had a claim against the county for $926 for services in placing poor children in worthy homes under resolutions of the board in the years 1896, 1897, 1898, and 1899, authorizing the relator, who was superintendent of the poor of that county from the year 1895 to 1901, to arrange with the assignor, Maybee, to provide homes for indigent children at a sum not to exceed $50 a year. Under such resolutions, and a contract with the relator, Maybee did provide homes for such children. The number so placed by him is . in controversy, as also the right of Maybee, since June 1, 1898, to place out destitute children without license from the state board of charities, in accordance with chapter 264 of the Laws of 1898. Two of the claims of Maybee were verified May 18, 1900, and assigned to the relator that day, and the other November 12, 1900, and assigned the same day to the relator. At the meeting of the board of supervisors begun November 11, 1900, the claim of the relator, under the assignments from Maybee, was finally rejected;. hence this application for mandamus.

The assignment to the relator was made while he was still superintendent of the poor, and all of his official duties to the county remained in force. He made his contract with Maybee as such official, and the range of the duty of the relator included not only his observance that the contract was faithfully performed, but also full information to the board of supervisors as to the terms of the contract, its performance, the amount and value of the services rendered, coupled with disinterested advice as to the justice of the claim to be presented by the assignor. He was the one

most familiar with all matters of information and counsel, and the board of supervisors was entitled to such information and counsel free from any temptation on his part to let pecuniary interest, sensibly or insensibly, color his statement. From the instant he took assignments of the claims against his principal, the diverging line of self-interest would naturally tend to draw him away from perfect disinterestedness in the adjustment of the pecuniary claim against the county. He could not occupy the double position of the public official agent for the county and at the same time the private owner of the claim which he officially created. His public duty overruled his private privileges. It is not a case where his official duty ceased the instant the services were rendered, nor one where, as to a part of his action, he plainly dealt from the inception of the contract at arm's length with the county, or where a personal obligation to the claimant in the contemplation of the parties arose from the employment of the assignor. The claim is one arising from contract relations in which the relator stood as the representative of the county from the commencement of the employment until its final adjustment, although the liquidation required the action of the board of supervisors to make a fixed and final charge.

The very answer which is made to the second ground of defense emphasizes the wisdom of the prohibition to this relator against obtaining an assignment of this claim. That defense maintains that Maybee, the assignor, could not place indigent children without license from the state board of charities. In reply, it is urged for the relator that the placing was virtually done by the relator himself, each home for a little waif being approved by him, and that Maybee acted simply as his hand in the transfer to such homes. How much the more, then, should the action of the relator be purely disinterested, and how much more the need of official, intelligent information and advice to the board of supervisors in the adjustment of the claim! No assignment of a chose in action is valid which contravenes public policy. Code Civ. Proc. § 1910 (Old Code Proc. § 112). It has often been decided that, where the interest of the official begins with the contract itself, that contract is void. Woodworth v. Bennett, 43 N. Y. 274, 3 Am. Rep. 706; Murray v. Beard, 102 N. Y. 505; Beebe v. Supervisors, 64 Hun, 377, 19 N. Y. Supp. 629; Heughes v. Board, 37 App. Div. 180, 55 N. Y. Supp. 799. The same underlying principle which protects the public against the interest of an official from commingling his own private interest with his public duty in making a contract, or in its execution, extends to prevent his taking an assignment, while a public official, of a claim under any such contract, unless all possible official action or duty has entirely ceased.

It is unnecessary to consider the other question in dispute, in view of the conclusion reached as to the validity of the assignment. The application for the writ of mandamus is denied, with costs.

Application denied, with costs.