HENRY H. GAGE

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. SPECIAL ASSESSMENTS—*when first step for letting contract will be presumed to have been in time.* In the absence of evidence showing the date of the last day of the February term at which a special assessment was confirmed, it will be presumed, where the advertisement for bids was published on June 6, that the first step for letting the contract was taken within ninety days from said last day.

2. SAME—*objection that second advertisement for bids was not in time not good on application for sale.* An objection that the second advertisement for bids was not published within ninety days from the time the first bids were rejected is not good, on application for judgment of sale, in the absence of proof of resulting injury, since the property owner has other remedies to compel the board of improvements to let the contract as required by law.

3. SAME—*when omission of dollar-mark renders judgment uncertain.* Omission of the dollar-mark before the figures opposite the description of the property in the schedule attached to a judgment of sale renders the judgment defective for uncertainty. (*Gage v. People, ante,* p. 347, followed.)

4. SAME—*when jurisdictional clause of judgment of sale may be omitted.* The clause in the statutory form for a judgment of sale, reciting due service of notice, may properly be omitted from a judgment of sale where the objectors appeared personally in court.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The county collector of Cook county made application to the county court for judgment and order of sale against the appellant's property for a delinquent installment of a special

assessment for a sewer in Ravenswood Park avenue, in the city of Chicago. Appellant filed objections, which were overruled and judgment and order of sale rendered.

It is first insisted that the contract for the improvement was not let within the time provided in sections 74, 75, 76 and 77 of the Local Improvement act of 1897, as amended in 1901. These several sections provide, in substance, that all contracts for the making of any public improvement, when the expense thereof shall exceed $500, shall be let to the lowest responsible bidder, in the following manner: Within ninety days after the term of court at which the judgment of confirmation has been made, if there be no appeal, steps shall be taken to let the contract for the work, as follows: First, an order to advertise for bids shall be entered by the board of local improvements in their records; second, a public notice shall be published that bids will be received; third, there shall be an examination and public declaration of the bids; fourth, the awarding the contract shall be made within twenty days after the time fixed for receiving the bids, and if no award be made within that time, another advertisement for bids shall be made as in the first instance. This record does not show the date of the last day of the February term, 1902, of the county court of Cook county, at which the roll was confirmed. That term might have continued until the 8th day of March. The order to advertise for bids was entered by the board of local improvements on June 4. The advertisement calling for the bids was first published June 6, 1902. In the absence of evidence to the contrary we will presume that the first step to let the contract was taken within ninety days after the expiration of the March term at which the judgment of confirmation was entered.

The bids were opened on June 19, which was within twenty days prescribed by section 77. All bids were rejected on that day and an advertisement for new bids was published October 24, 1902. The bids were opened November 6

and the contract awarded on November 10. It is insisted by appellant that the contract is illegal because more than ninety days elapsed between the time the first bids were rejected and the time when the advertisement for bids was again published. Even if the contract was not awarded within the time provided by statute, that fact would not affect the jurisdiction of the county court to hear and determine the application of the county collector for judgment and order of sale. The county collector applied for a judgment and order of sale upon this assessment, which had been duly returned to him as delinquent by the city collector. No acts done by the board of local improvements would deprive the court of the power to enter a judgment and order of sale. This is a proceeding to determine whether the lands should be sold which were duly returned delinquent, and not to determine the legality of the acts of the board of local improvements in letting the contract. If appellant had reason to believe that the board of local improvements had not complied with the law, he should have availed himself of the proper remedy in apt time to compel the board to do its duty. (*Hamilton* v. *Lubukee,* 51 Ill. 415; *Bush* v. *Sherman,* 80 id. 160; *Givins* v. *People,* 194 id. 150.) In the latter cause objection was filed to the application for sale, and the point was raised that the contract was not regularly and legally let, and we there said (p. 153): "It must be remembered the ordinance providing for the making of the improvement, and all of the proceedings under the ordinance save the letting of the contract to do the work, are regular and valid. The ground of objection to the payment of the benefits * * * is that the acts and conduct of the bidder previous to * * * the letting of the contract * * * was such as to limit the number of bids * * * and enable the successful bidder to receive a better contract than he otherwise might have been able to obtain. The proffered testimony did not tend to show that the amount to be paid for the work under the letting * * * was more than a fair contract price

therefor. * * * If a bid is accepted by the board of local improvements, still, if the causes stated authorizing its rejection existed, it may be avoided by the property holder whose interests are prejudiced thereby, if such property holder seasonably takes action to have the bid declared invalid. * * * The bid and contract are not void, but voidable, and may be enforced against the bidder. The option to have the bid and contract rejected or avoided is with the property owner, and he cannot be permitted to withhold his objection until he shall have secured the benefit of the work, labor and materials of the contractor, and then ask to be relieved of all liability to pay therefor." There is nothing in the record to show that appellant was in any way injured by the contract, and if he had been, he had adequate remedy under the statute, and it was his duty to act promptly. Section 80 of chapter 24 (Hurd's Stat. 1903, p. 409,) provides that the owners of a majority of the frontage may take the contract from the successful bidder if they think they can profit by so doing. The appellant could have availed himself of this provision, or he could have objected to the board of local improvements on the ground that the contract was not let within the time authorized by law, or he could have made the objection in the county court at the time the board of local improvements filed their petition for a hearing, after the completion of the work. Having failed to take advantage of any of these opportunities and having received the benefit of the work, and in the absence of any proof of injury, the county court committed no error in overruling the objection.

It is next insisted that the judgment and order of sale is defective, in that it fails to show the amount for which the judgment is rendered and orders a sale of the property *en masse,* and omits the jurisdictional clause, as provided in the statute. The recital of the judgment as to the amount is as follows: "Judgment is entered against the lots as described in the objections filed herein and as set forth in the attached schedule, which is made a part of this order, * * *

for the sum annexed to each, being the amount of the special assessment and cost due and unpaid, severally, thereon." In the schedule attached, appears the proper description of appellant's lots, with the figures 89.35 opposite each. The objection is, that the dollar-mark does not precede these figures, and it is therefore impossible to tell, from the judgment, what the figures mean. We have held in another case between the same parties at the present term (*Gage* v. *People, ante,* p. 347,) that the judgment is defective in that regard.

As to the objections that the judgment orders a sale of the property *en masse* and omits the jurisdictional clause, as provided in the statute, it is sufficient to say the objections are not sustained by the evidence. The property is ordered sold as provided by law, and the jurisdictional clause was omitted, no doubt, for the reason that the objectors personally appeared in court, and therefore the recital of service was unnecessary.

For the reason indicated, the judgment of the county court will be reversed and the cause will be remanded to that court with directions to correct its judgment.

*Reversed and remanded.*