(No. 15895.—Reversed and remanded.)

THE PEOPLE *ex rel.* Ira E. Pearsall, County Collector, Appellant, *vs.* GEORGE W. SPERRY *et al.* Appellees.

*Opinion filed October 28, 1924—Rehearing denied Dec. 4, 1924.*

1. CONTRACTS—*contract in violation of express statutory provision is void.* A contract made in violation of an express statutory provision is inoperative and void.

2. SPECIAL ASSESSMENTS—*improvement contract made by city officers interested therein is void.* A contract for the construction of a local improvement is void when made by city officers who are interested therein as employees or agents of the party to whom the contract is awarded, even though it may further appear that the contract was a good contract for the city, that there was no fraud in the contract, and that the parties who made it derived no direct benefit from the contract itself.

3. SAME—*what objections may be raised to judgment and sale for delinquent assessment.* After the passage of an improvement ordinance, judgment of confirmation, letting of the contract and judgment upon the certificate of completion and acceptance of the work, the only objections that can be raised to the application for judgment and sale for delinquent assessments are such as go to the jurisdiction of the county court to render the judgment of confirmation and judgment on the certificate of completion and acceptance, and such lack of jurisdiction must appear from the record.

4. SAME—*objection to validity of improvement contract cannot be raised in proceeding to collect delinquent assessment.* Objection to the validity of an improvement contract cannot be raised in the county collector's proceeding for judgment and sale for a delinquent assessment, and although the contract was invalid because signed by city officers who were interested as employees of the party to whom the contract was awarded, the objectors are barred of that defense in the collector's proceeding where they sought no appeal or writ of error from a judgment overruling their objections at the hearing on the certificate of completion and acceptance of the work.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

ASHBEL V. SMITH, State's Attorney, THEODORE FORBY, City Attorney, SIDNEY H. BLOCK, and CHARLES P. BARNES, for appellant.

ALBERT L. HALL, and MINARD E. HULSE, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal by Ira E. Pearsall, county collector of Lake county, from a judgment of the county court of that county sustaining the objections of appellees, George W. Sperry and about 225 other property owners of Zion City, denying an order for sale against the real estate of appellees for default in the payment of a special assessment for paving a portion of Elijah avenue, in said city.

This appeal presents to this court two questions: (1) Whether or not the contract for the construction of the pavement is void on account of interest of the city council and board of local improvements in the contract or in the contractor to whom it was awarded; (2) if the contract is void, may that question be successfully raised by the objectors by objections to the county collector's application for judgment for the delinquent assessments.

The facts in the record stipulated and proved are in substance the following: On August 1, 1922, the contract for the construction of the pavement was signed with a stamp, "Zion Institutions and Industries," and underneath that signature appeared the signature, "Wilbur Glenn Voliva, by I. J. Thurston, assistant general manager and attorney in fact for Wilbur Glenn Voliva." It was also signed for the city by W. Hurd Clendinen, Ralph R. Pihl and Albert E. Hueneryager. Clendinen was at that time a member and president of the board of local improvements and mayor of the city of Zion. He was also engaged on a monthly salary as general manager for Zion Institutions and Industries and had charge of all its departments and all of the work that is done by its departments. Thurston, who signed the contract for Zion Institutions and Industries, is Clendinen's assistant manager and takes orders from Clendinen and works under his directions. Clen-

dinen testified that aside from his monthly salary from Zion Institutions and Industries he had no pecuniary interest in such concern or in the contract, and that he took the part of the city's interest in the contract altogether and had nothing to do with it aside from being a member of the board of local improvements, and that he was not present when the matter was talked over about who should "have the bids." Pihl was a member of the city council and of the board of local improvements and also general accountant for Zion Institutions and Industries, which name the record shows is a trade name for Wilbur Glenn Voliva. Pihl testified that when the time came to let the contract he transacted the business with Thurston, who signed for Voliva, and that he had no pecuniary interest in the contract; that so far as he knew, his salary as general accountant would not be affected, and he would still receive it from Zion Institutions and Industries whether such a contract existed or not; that as head accountant for such concern all the other accountants are under him, and that he has in charge the matter of figuring all cost of things and directs the work of the other accountants. Hueneryager was a member of the city council and of the board of local improvements and was also employed as manager of the apron and handkerchief department of Zion Institutions and Industries. E. L. Leech, Earnest R. Heath, H. W. Potter, J. A. Cook, John A. Taylor and Jasper H. DePew were also members of the city council, and every one of them was an employee, in some capacity, of Zion Institutions and Industries. William C. Dunn and F. N. Cunningham were the only two members of the city council who were not employees of the contractor. On September 21, 1922, the city council of the city of Zion, its board of local improvements, and Wilbur Glenn Voliva, doing business as Zion Institutions and Industries, were duly notified by appellees that they protested against the letting of the contract to Voliva, doing business in the trade name aforesaid, because

of the fact that the city council and the board were employ-
ees of Voliva and therefore interested in the contract, which
facts rendered the contract void, and that for that reason
appellees would not contribute toward the cost of the im-
provement. The contract was completed December 18,
1922, by Voliva, doing business under the trade name of
Zion Institutions and Industries, and the only payment made
on the contract prior to September 21, 1922, was a voucher
by the city for $4080, dated August 30, 1922. The petition
of the city to levy the special assessment for the improve-
ment was filed in the county court February 11, 1922. The
legal objections to the petition were later disposed of by
the court. After a jury trial final judgment of confirma-
tion of the assessment roll was entered by the court, from
which no appeal was asked or taken by appellees. At the
hearing on the objections to the certificate of completion
of the contract substantially the same objections were made
by appellees to the approval of the certificate as they later
made in this proceeding. The objections to the certificate
of completion were filed May 25, 1923, and stricken by the
court on motion of the petitioner, the city of Zion, and
received no further consideration on that hearing. Judg-
ment of acceptance and completion was entered May 28,
1923. Prior to August 1, 1922, bids had been received
from several parties, but all of them were rejected and the
improvement was re-advertised for bids.

Contracts of a city in which the city officers join in
making the same are prohibited by our statutes in all cases
where such officers are directly or indirectly interested in
the contracts, and any and all such contracts wherein the
officers of the city are interested, either directly or indi-
rectly, are declared to be null and void. (Hurd's Stat.
1921, sec. 78, p. 337, and sec. 3, p. 2192; *Crichfield* v. *Ber-
mudez Paving Co.* 174 Ill. 466.) A contract made in vio-
lation of an expressed statutory provision is inoperative and
void and no recovery can be had thereon. (*Penn* v. *Born-*

*man,* 102 Ill. 523; *White* v. *City of Alton,* 149 id. 626; *Milford* v. *Milford Water Co.* 3 L. R. A. 122; *West Jersey Traction Co.* v. *Board of Public Works,* 56 N. J. L. 431; *Jacques* v. *City of Louisville,* 106 S. W. 308; *Gillen Co.* v. *City of Milwaukee,* 174 Wis. 362.) Under the evidence in this record we do not hesitate to declare that the contract for constructing the pavement in question to Wilbur Glenn Voliva, doing business in the trade name aforesaid, was a void contract. The showing in the record is that nine out of eleven members of the city council were under the employment of Voliva in various capacities at the time the contract was made. Two of the principal employees of Voliva, one the mayor of the city and a member of the city council and board of local improvements and the other a member of the city council and board of local improvements, who signed the contract on behalf of the city, have testified, in substance, that they are not pecuniarily interested in the contract and acted for the best interest of the city. There is no showing in this record that there was any actual fraud or fraudulent intent on the part of the contractor and his employees who made this contract. It is not necessary that there should be in the decision of the question whether or not the contract is void. If the contract is one that the statutes declare to be void under the law we must declare it void, even though it may further appear that the contract was as good a contract in behalf of the city as it could have obtained,—that is, that the consideration for the work performed was as low as could have been obtained. If we attach, any significance to the words used by the statute, "directly or indirectly interested in the contract," we think the conclusion cannot be escaped that the officers of the city who are also employees of the contractor must be considered as indirectly interested in the contract, without regard to the fact that they derived no direct benefits from the contract itself. They would be more than human if they could make the same fair and im-

314—14

partial contract with the contractor as they could with another party with whom they had no relation, by way of employment or otherwise. We have no doubt that the officers who signed and participated in making the contract did so without any intentional bad faith, and that the same is true of the contractor; still, we are clearly of the opinion that the court properly held that the contract was void within the provisions of the statute. The three city officers who signed on the part of the city had such an interest in the business and welfare of the contractor in this case as would naturally tend to affect their judgment in their determination to let the contract and to pass upon the question whether or not the same was completed in full accord with the terms thereof, as was well said in the case of *Gillen Co.* v. *City of Milwaukee, supra,* a case very much in point with the one now under consideration.

We are also of the opinion that appellees should not be permitted to avail themselves of the defense that the contract is void in this proceeding. This is a proceeding to determine whether the lands should be sold which were duly returned delinquent, and not to determine the legality of the acts of the board of local improvements in letting the contract. After the passage of the ordinance, the judgment of confirmation, the letting of the contract, and judgment upon the certificate of completion and acceptance, the only objections that appellees could make to the application for judgment of sale were such as went to the jurisdiction of the county court to render the judgment of confirmation and judgment on certificate of completion and acceptance, and such lack of jurisdiction must appear on the face of the record itself. (*People* v. *Martin,* 243 Ill. 284.) Even conceding that the objection that the contract was void could be raised in the proceeding now before us, it is one which was available to appellees in the proper forum and at the proper time, and, in fact, under the stipulations in this record the very same questions were raised by the ap-

pellees in the county court at the hearing on the certificate of completion and acceptance. The objections of appellees to the approval of the certificate of completion and acceptance that are now up for consideration in this case were stricken from the files by the county court and no further consideration was given to them. The reason for the striking of such objections from the files does not appear from this record, but the effect of striking them by the court was the same as if the court had sustained a demurrer to them, holding that they presented no reason why appellant should not finally recover on this contract and have the assessments collected to pay for the work. So far as this record shows, no appeal or writ of error has been prosecuted from that determination of the court, and the judgment of the court in that proceeding must be held to bar appellees from recovering in this case. It is true that on the application for the approval of the certificate of completion and acceptance ordinarily no other questions arise, but the question that the contract was void was one that could be raised, and should have been raised and decided, before the court passed upon the confirmation of the certificate of completion and acceptance, and it did do so, holding, in effect, that the contract was not void. Therefore appellees cannot litigate that question again in this proceeding.

There is nothing in the record to show that appellant was in any way injured by the contract, and if he was, he had an adequate remedy, under the statute, in a prior proceeding and availed himself of that remedy but was defeated. That he had such a remedy and that he could have prosecuted a writ of error in the proceeding in which he was defeated is clear from the provisions of section 96 of the Local Improvement act and by many of the previous decisions of this court. In *Gage* v. *People*, 213 Ill. 468, in a proceeding for judgment and sale for a delinquent assessment, the claim was that the contract was illegal because more than ninety days elapsed between the time the first

bids were rejected and the time when the advertisement for bids was again published. This court there pointed out to the complaining party that he had an adequate remedy under the statute and that it was his duty to act on it promptly; that under section 80 of the statute the owners of a majority of the frontage might take the contract from the successful bidder if they thought they could profit by so doing; that appellant could have availed himself of an objection to the board of local improvements that the contract was not let within the time authorized by law, and that he could have made that objection in the county court at the time the board of local improvements filed its petition for a hearing, after the completion of the work.

It was held in the case of *City of East Peoria* v. *Sheen,* 299 Ill. 185, that the provisions of section 84 of the Local Improvement act relate only to the finality of the county court's order as to the matters mentioned in that section, but that a property owner is not precluded from making the claim, on the application for the approval of certificate of completion and acceptance, that a consent decree previously entered into by the city and the property owners for a reduction in the assessment had not been carried out by the city and the assessment roll re-cast. It was also there held that a motion to strike the objector's petition and his objections from the files is in the nature of a general demurrer and admits the facts alleged, and that the order of the court in sustaining the motion to strike was an order reviewable by this court on writ of error. Similar decisions have been made by this court in *City of Peoria* v. *Smith,* 232 Ill. 561, and in other cases.

The judgment of the county court is reversed and the cause is remanded, with directions to enter judgment in favor of appellant, in accordance with the views herein expressed.        *Reversed and remanded, with directions.*