(No. 1545— <span style="background:black"></span>)

TRANSPORTATION BUILDING CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1930.*

HARMON, LEBARON & SWARTZ, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is asking an award of $935.04. The claim, it is alleged, is for $750.00 office rent and $35.04 electric light furnished the Athletic Commission. The claim is based on a contract entered into between claimant and the Department of Finance. The contract is dated April 30, 1927, and purports to lease the premises therein described to the State for the use of the Athletic Commission for a period of two years and two months. It provides for the payment of $9,750.00 rent payable in monthly installments of $375.00, the electric light furnished by claimant, and all attorney fees incurred by claimant in any litigation necessary to enforce the obligations of the lessee.

Section 36 of the Civil Administrative Code defines the powers of the Department of Finance. Sub-section 13 of that section provides: "The Department of Finance shall have power to lease, for a term not exceeding two years, office space in buildings for the use of the several departments." Under the provisions of the section the Depart-

ment of Finance had no power to enter into a lease for a longer period than two years. The Legislature had the right to limit the powers of the department and the officials of the department and all persons dealing with it are bound by the limitations placed upon it. To hold otherwise is to permit officials to ignore plain provisions of the law, to substitute their own for the legislative will.

The contract being in violation of the statute is void, (*The People* v. *Sperr*, 314 Ill. 205) and, being void, it cannot be enforced for the law cannot at the same time prohibit a contract and enforce it. (*DeKam* v. *City of Streator*, 316 Ill. 123.)

The record in this case shows that the Athletic Commission had exhausted the appropriation made by the General Assembly for its office expenses leaving no funds out of which to pay this claim. Section 18 of Article 4 of the Constitution provides that each General Assembly shall provide for all the appropriations necessary for the ordinary and contingent expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session, the aggregate amount of which shall not be increased without a vote of two-thirds of the members elected to each house, nor exceed the amount of revenue authorized by law to be raised in such time. This provision gives the General Assembly the exclusive power to fix the amount of money that may be expended by any department of the State Government. Section 3 of the Act in relation to State finance provides: ''No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law.'' This section of the statute is so plain that its meaning cannot be misunderstood. The Athletic Commission had no power to contract an indebtedness for rent, or for any other purpose, in excess of the appropriation made for it and its attempt to do so is wholly void. This question was before this court in *Lewson* v. *State*, 5 Ct. Cl. 80. In that case, on page 83, we said: ''The Legislature ascertains biennially what is a reasonable and proper amount to be appropriated for each officer and department. It is a vital part of the duties of the Legislature, in its wisdom and deliberations, to

carefully ascertain what amount of money our State should expend in the succeeding two years. * * * To allow this claim would be to establish a most dangerous precedent. It would open up the avenue for all State officers and State departments to ignore the limitations of the appropriation for their respective offices or departments, if they saw fit so to do, and rely on the Court of Claims to take care of all claims made in excess of such appropriations. We believe the Legislature and Governor are much better informed on matters of appropriations than the Court of Claims is, or ever will be, and that the subject is exclusively within their powers and duties, and we will not usurp it." We see no reason for changing the views there expressed, and the claim is denied and the case is dismissed.