

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 30, 1976

The Honorable John E. Fitzgibbon
County Attorney
Webb County
P. O. Box 577
Laredo, Texas

Opinion No. H-916

Re: Whether a school
district may contract with
a company which employs a
member of the school
district's board of
trustees.

Dear Mr. Fitzgibbon:

You have requested our opinion regarding whether a
school district may contract with a paper company which
employs a member of the district's board of trustees. You
state that the trustee works for the company in a managerial
capacity but owns no stock. He has entered into an agreement
with his employer that he will not receive any commission,
bonus, or other remuneration based upon sales made by the
company to the district, although he is paid a year-end
bonus on the basis of other company sales. You inquire as
to whether, in such circumstances, the school district may
contract with the paper company.

It is well established that, even in the absence of a
statute, the public policy of the state prohibits transactions
which involve a conflict of interest on the part of public
officials:

> If a public official directly or indirectly
> has a pecuniary interest in a contract, no
> matter how honest he may be, and although
> he may not be influenced by the interest,
> such a contract so made is violative of
> the spirit and letter of our law, and is
> against public policy. Meyers v. Walker,
> 276 S.W. 305, 307 (Tex. Civ. App. -- Eastland
> 1925, no writ).

p. 3840

See also City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm'n App. 1933, holding approved). The principle of Meyers has long been held applicable to the members of a school district's board of trustees. Attorney General Opinions Nos. H-734 (1975), M-1236 (1972), WW-1362 (1962), O-2306 (1940), O-1589 (1939), O-878 (1939).

No Texas case or Attorney General Opinion has squarely determined, however, whether the principle applies to employees of a contractor, or whether it is limited to officers, directors, and substantial stockholders. In Attorney General Opinion O-2306, this office held that a school district trustee might receive compensation from a contractor for carpentry work performed by the contractor on a school district building, if at the time the contract was let, there was no agreement between the contractor and the trustee as to the employment in question. On the other hand, this office stated in dicta in Attorney General Opinion M-1236 at 4, that "[w]here the pecuniary interest of a public officer in a transaction is remote, as where . . . he is but a mere employee, rather than an officer or director . . . his interest is not one of such a degree that will render invalid the transaction in which his interest is involved."

However, in Edward E. Gillen Co. v. City of Milwaukee, 183 N.W. 679, 681 (Wis. Sup. 1921), a member of the city sewerage commission was employed as the superintendent of a company which had contracted with the city. The Wisconsin Supreme Court held that, although the individual had no stock in the company and was not one of its officers, he had such an interest in the business and welfare of his company as would naturally tend to affect his judgment. If his company prospered, "his service and salary might be continued, and . . . he might be promoted."

A California court has likewise held that a city council-man employed as a foreman of a company contracting with his city was sufficiently interested in the contract to render it void, if his interest was such "as would tend in any degree to influence him in making the contract . . . since upon the success of [the] business financially primarily depends the continued tenure of his position and the compensation which he receives for performing the service required of him." Stockton Plumbing & Supply Co. v. Wheeler, 229 P. 1020, 1024 (Cal. Dist. Ct. App. 1924). Whenever the official's interest would "prevent him from exercising absolute loyalty and undivided allegiance to

the best interest" of the governmental entity he serves, the contract is void.  Miller v. City of Martinez, 82 P.2d 519, 523 (Cal. Dist. Ct. App. 1938).  See also Hobbs, Wall & Co. v. Moran, 293 P. 145, 146 (Cal. Dist. Ct. App. 1930). In People ex rel. Pearsall v. Sperry, 145 N.E. 344, 345-46 (Ill. Sup. 1924), the Supreme Court of Illinois, in holding that the employment of nine city council members by a company contracting with the city rendered the contract void, explained its rationale thus:

> They would be more than human if they
> could make the same fair and impartial
> contract with the contractor, as they
> could with another party with whom they had
> no relation by way of employment or other-
> wise.

See also Singewald v. Minneapolis Gas Co., 142 N.W.2d 739 (Minn. Sup. 1966); Griggs v. Borough of Princeton, 162 A.2d 862 (N.J. Sup. 1960); Byrne & Speed Coal Co. v. City of Louisville, 224 S.W. 883 (Ky. Ct. App. 1920); contra, County Court of Taylor County v. City of Grafton, 86 S.E. 924 (W. Va. Sup. Ct. App. 1915).

It would appear, then, that the trend and weight of legal authority would oblige our Texas courts to hold that a school district should not contract with a company which employs a member of the district's board of trustees in a managerial capacity, even though the trustee derives no direct financial benefit from the contract.  We do not address or question the language of Attorney General Opinion M-1236 (1972), which dealt with stock ownership.

### S U M M A R Y

> A school district should not contract with
> a company which employs a member of the
> district's board of trustees in a managerial
> capacity, even though the trustee derives
> no direct financial benefit from the contract.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable John E. Fitzgibbon - page 4   (H-916)

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb