GEORGE M. BEEBE, Appellant, *v.* THE BOARD OF SUPERVISORS OF SULLIVAN COUNTY and Another, Respondents.

*Contract — against public policy — employment by a board of supervisors of one of its members as its attorney — is against public policy; is void by statute — right of a taxpayer to enjoin payment.*

A board of supervisors, desiring to take proceedings against a county treasurer to recover money not accounted for by him, employed one of its members, an attorney, to bring the actions.   The attorney subsequently presented a bill for his services in the premises, which was audited by the board.   The attorney did not vote upon his own appointment, nor upon the audit of his account.
In an action by a taxpayer to restrain its payment:

*Held,* that he had a right to maintain an action to prevent the payment of a claim which the auditing officers had no right to allow.

That a contract made between such a board and one of its members, involving the services of the member and the payment by the county therefor, was against public policy and was void.

That such a contract was forbidden by section 473 of the Penal Code.

APPEAL by the plaintiff, George M. Beebe, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Sullivan on the 15th day of February, 1892, dismissing the complaint upon the merits, after a trial at the Sullivan Circuit before the court.

*John A. Thompson,* for the appellant.

*Lewis E. Carr,* for the respondents.

HERRICK, J :

In the year 1888 the Board of Supervisors of Sullivan County, desiring to take proceedings to recover money not accounted for by the county treasurer, employed one John F. Anderson, an attorney and counselor at law, to act for them.

Pursuant to such employment said Anderson commenced four actions in the Supreme Court against the county treasurer and the sureties upon his official bonds, to recover the moneys for which he had not accounted.

In December, 1890, Anderson asked to be relieved from acting any further as the attorney of the board of supervisors in three of the actions he had commenced; his request was acceded to. After being relieved from acting further as their attorney in said three actions, Anderson presented a bill to the board of supervisors for his services in said actions, amounting to the sum of $1,107; the board audited and allowed said bill at its full amount, and proposed and still proposes to pay the same from the funds of the county. At the time of his employment the said John F. Anderson was and continued to be a supervisor of Sullivan county, during the rendition of his legal services down to and including the time of the presentation and auditing of his bill, but took no part in the proceedings to employ him as an attorney or in the auditing and allowing of his account.

The plaintiff was, in the year 1890, a resident of the town of Thompson, Sullivan county, and was assessed upon the assessment-rolls of the town for that year for an amount exceeding $1,000, and liable to be taxed thereon for his proportionate share of the taxes levied in said year for county charges.

The plaintiff, as such taxpayer, commenced an action against the defendants to restrain the payment of the amount of said audit to the defendant John F. Anderson. Upon the trial the plaintiff's complaint was dismissed. This, we think, was error; a taxpayer has a right to maintain an action to prevent the payment of a claim which the auditing officers have no right to allow. (*Osterhoudt* v. *Rigney et al.*, 98 N. Y., 222, 230, 231.)

At the time of his employment the defendant Anderson was a member of the board of supervisors; they were the agents of the county of Sullivan, and as such had no right to enter into contracts for their own benefit with their principal, the county of Sullivan. They are trustees and have no right to enter into contracts with each other at the expense of those for whom they are acting, and whose interests they are bound to guard and protect. (*Jewett* v. *Miller*, 10 N. Y., 402; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 14 id., 85; *Conkey* v. *Bond*, 36 id., 427; *Murray* v. *Beard*, 102 id., 505.)

The illegality of such contracts does not depend upon statutory enactments, they are illegal at common law. It is contrary to good morals and public policy to permit municipal officers of any kind to enter into contractual relations with the municipality of which they are officers. And this principle applies with particular force to members of a board like a board of supervisors, which not only makes the contract but subsequently audits the bill.

But it is said that in the case before us the supervisor who was employed did not vote on the question of his own employment or upon the audit of his bill; that does not cure the evil; the influence upon fellow members is the same; his constituents are entitled to his judgment in making contracts, to his scrutiny in passing upon accounts, and to his unbiased and disinterested efforts in both; and he cannot make the violation or neglect of the duties he owes to his constitutents the means of validating an otherwise illegal act; he cannot put on and off the garb of a public official, and discharge or refuse to discharge the duties of his trust at will, and as best

subserves his private interests.   He is a part of the board of supervisors; its act is his act, and he cànnot, as a supervisor, make a contract with himself as a private citizen.

The principle of the case was decided in the case of *Smith* v. *City of Albany* (61 N. Y., 444), and recognized in section 473 of the Penal Code, which makes the entering into such contracts by public officers a criminal offense.   That section is not in derogation of any common-law right, and should be strictly construed to prevent the evil it was aimed at.

That law was in force at the time the contract of employment between the defendants was entered into, and an act prohibited by law, whose commission is punishable by fine and imprisonment. cannot be the basis of a legal charge against the county.   (See *Bell* v, *Quin*, 2 Sandf., 146.)

The judgment should be reversed and a new trial granted, costs to abide the event.

PUTNAM, J., concurred; MAYHAM, P. J., concurred in result.

Judgment reversed, new trial granted, costs to abide the event.