R. A. STONE v. H. T. BEVANS and Others.[1]

December 19, 1902.

Nos. 13,278—(150).

**Public Officer—Contract with Municipality.**

A member of the common council of a village in this state cannot lawfully enter into a contract with the municipality for his own benefit, depending upon authority derived from a vote of such council.

**Recovery of Payments.**

Where an illegal contract has been entered into between the common council of a village and one of its members, upon which such member has received money, as in this case, it may be recovered for the village in a suit by a taxpayer.

Appeal by defendants from an order of the district court for Stevens county, Flaherty, J., denying a motion for a new trial. Affirmed.

*Cliff & Purcell*, for appellant.

*R. A. Stone*, pro se.

LOVELY, J.

Plaintiff brings this action, as a taxpayer of the village of Morris, for himself and others similarly interested, to recover money wrongfully voted by the village council to one of its members. The cause was tried to the court, who found that the allegations of the complaint were true; also that the defensive matters set forth in the answer were not established; and as a conclusion of law held that judgment should be entered against defendant Bevans for the amount claimed by plaintiff in behalf of the village. Upon a settled case containing the evidence, the defendants moved for a new trial, which was denied. From this order they appeal.

It is provided in the organic act of the village of Morris that its governing body shall be a president and four councillors who

[1] Reported in 92 N. W. 520.

"Shall constitute the common council of the village, * * * a majority of whom shall constitute a quorum for the transaction of business." Sp. Laws 1881, c. 30, § 4.

Such council is clothed with the usual powers given to the legislative bodies of municipalities in this state, and could incur an indebtedness for a water plant and extension.

Defendant Bevans was president of the council. The other four defendants were the members thereof. In 1891 an extension to the waterworks system of the village was contracted for by the council. New mains were to be laid, and bonds issued to pay therefor. The president manifested considerable interest in the matter, and aided in superintending the work. He also visited Dubuque, Iowa, with reference to a suit brought by parties in that city against the village, growing out of matters connected with the waterworks. In consideration of such assistance by the president of the council, and in order to secure his active services until the completion of the enterprise, the council, at a meeting held August 30, 1891, adopted a resolution appropriating to him the sum of $50 per month from July 1, previous to January 1 following. At such meeting Bevans was not present, and did not participate in the resolution, but in pursuance thereof orders were thereafter issued for $150, which he collected.

According to one view of the complaint, it would seem as if the theory of the plaintiff was that this appropriation of money for services of the president of the council was regarded as an attempt to increase his salary, which would clearly be in violation of a specific limitation of the village charter, which forbids any member of the council from receiving more than $3 per month during any one year for his services. Sp. Laws 1881, c. 30.

In defendant's answer it was alleged, however, that the services of Bevans were rendered to the village in an independent employment not germane to his official duties, and that all the services for which he was thus paid were outside the scope thereof. This is really the statement of a conclusion of law, for it is conceded in the record that Bevans was a member of the council; that the compensation for the services rendered were not accepted as a

part of his salary, but dependent upon the resolution of August 30; and, having received it, his duty to pay back the money is dependent upon his official relation to the municipality.

If the president of the council had the right, under the conceded facts, to enter into a contract with the village, which could only be negotiated through the council of which he was a member, for services which he was himself to render, we would be required to go further, and consider the orders of the trial court in the exclusion of testimony tending to show the meritorious character of the services actually rendered to the municipality; but we are very clear that the resolution was illegal, and could confer no rights upon a member of the council, based upon an agreement with that body for compensation. The relation of members of the council to the village was one involving trust and confidence, and such members could not make contracts with themselves relating to public affairs, or derive any emoluments therefrom not specifically authorized by law.

It is a fundamental principle that the same person cannot act for himself, and at the same time, with respect to the same matter, as the agent of another, whose interest might be in conflict with his. The two relations impose different obligations, and their union would at once involve a conflict between interest and duty. Wardell v. Union Pac. R. Co., 103 U. S. 651. This rule is applicable to the officers of public as well as private corporations. Dillon, Mun. Corp. §§ 444, 915.

In G. S. 1894, § 6666, it is provided that

"A public officer, who is authorized to * * * make any contract in his official capacity, or to take part in making any such * * * contract, who voluntarily becomes interested individually in such contract * * * directly or indirectly, is guilty of a misdemeanor."

The purpose of this statute is plain, and the contract, being within its express prohibition, was void, and cannot be made the basis of a valid contract relation. Ingersoll v. Randall, 14 Minn. 304 (400); Bisbee v. McAllen, 39 Minn. 143, 39 N. W. 299.

It is therefore immaterial, in view of the admitted facts, that the trial court refused to receive evidence tending to show that

88 M.—9

the services rendered by the president of the council were meritorious and beneficial, since he had no right to negotiate for or enter into the same with the official body of which he was a member at the time, and it is 'not now an open question in this state that money thus voted by a municipal body to one of its members may be recovered for the municipality at the suit of a taxpayer. Bailey v. Strachan, 77 Minn. 526, 80 N. W. 694.

Order affirmed.