ever, presented as to the correctness of the referee's ruling, and the dates in the opinion are not sufficient to say that it was error, or that the proof did not show that the plaintiff sustained the damages awarded by the referee.

The other case relied on is Brookman v. Rothschild, 3 Sim. 224, affirmed by the House of Lords in 5 Bligh (N. S.) 165. That case has been criticized in England, and it has not been followed as authority for allowing such recovery as this. But, whatever may be the law in England on this question, I think that the rule in this state is now well settled as I before indicated, and that we are bound to follow the law as settled by the Court of Appeals and the Supreme Court of the United States rather than the decision of the House of Lords.

My conclusion therefore is that this judgment should be modified, by striking out the recovery allowed to the defendant on account of these two sales of stock which the plaintiffs purchased, and, as thus modified, affirmed.

---

(88 Misc. Rep. 226)

### SCHENECTADY ILLUMINATING CO. v. BOARD OF SUP'RS OF SCHENECTADY COUNTY.

(Supreme Court, Special Term, Schenectady County. December, 1914.)

COUNTIES (§ 122*)—CONTRACTS—VALIDITY—BOARD OF SUPERVISORS—INTEREST OF MEMBER.

    A contract made by the board of supervisors for the necessary purchase of Mazda lamps at their fair market value, with a corporation of which a member of the board was a stockholder, officer, and director being illegal under Penal Law (Consol. Laws, c. 40) § 1868, making it a misdemeanor for a public officer to participate in his official capacity in making a contract in which he is individually interested, is unenforceable.

    [Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 82, 136, 181, 182; Dec. Dig. § 122.*]

Mandamus by the Schenectady Illuminating Company against the Board of Supervisors of Schenectady County. Application denied. See, also, 151 N. Y. Supp. 425.

Naylon & Robinson, of Schenectady, for plaintiff.

Arthur S. Golden, of Schenectady, for respondent.

VAN KIRK, J. This is an application on behalf of the Schenectady Illuminating Company, a New York corporation, for a peremptory writ of mandamus to compel the board of supervisors of Schenectady county to convene, audit, and allow a claim which the relator holds against the county of Schenectady.

All the allegations in the petition are admitted. The Mazda lamps were purchased at the fair market price; they were necessary; there was no fraud, and no intentional wrong done; the amount involved is trivial, is justly due, and must be paid, unless the transaction offends against the law. Penal Law, § 1868. Though Mr. Pierson was the superintendent of the county buildings, and authorized to purchase these lamps, he was the agent of the board, and the board still had full

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

authority to purchase such lamps; though there was an auditor, he was the creature of the board of supervisors, who had the full final power to audit, and this power it could not delegate. People v. Neff, 191 N. Y. 210, 83 N. E. 970. When the claim was presented, the audit was refused solely under said section 1868, which, so far as it affects this proceeding, is as follows:

"A public officer * * * authorized * * * to make any contract in his official capacity, or to take part in making any such * * * contract, * * * who voluntarily becomes interested individually in such * * * contract, directly or indirectly, * * * is guilty of a misdemeanor."

It follows that a contract made under such circumstances as would render the public officer guilty of a misdemeanor is illegal. The statute must be strictly construed to prevent the vice it was aimed at. Beebe v. Supervisors of Sullivan County, 64 Hun, 377, 19 N. Y.. Supp. 629, affirmed 142 N. Y. 631, 37 N. E. 566; Heughes v. Board of Education, 37 App. Div. 182, 55 N. Y. Supp. 799; Matter of Taxpayers, 27 App. Div. 365, 50 N. Y. Supp. 356. This is the principle of the common law. Smith v. City of Albany, 61 N. Y. 445.

The board of supervisors of Schenectady county was authorized to make the contract in question. Mr. Carr, as a member of the board, was a public officer, authorized in his official capacity to make the contract—buy the lamps and audit and allow the bill therefor. If he was directly or indirectly interested in the contract, it is illegal, and payment thereof cannot be enforced. Smith v. City of Albany, 61 N. Y. 444. The real question at issue, therefore, is whether or not Mr. Carr was interested directly or indirectly in the contract within the meaning of this statute. The stock of the Schenectady Illuminating Company is owned by the General Electric Company, except that single shares have been issued to individuals to qualify them to act as directors. Mr. Carr was such a stockholder, and an officer and director, of the Schenectady Illuminating Company. He also is in the employ of the General Electric Company. In his positions in the Illuminating Company he represents the General Electric Company. He was its agent. This section recognizes the infirmity of human nature, and was designed to guard against the danger to the public from a conflict between individual interest and official duty. People ex rel. Spaulding v. Supervisors, 66 App. Div. 117, 72 N. Y. Supp. 782.

The contract is unenforceable, not because a public officer has failed in his duty, but because he has some interest in conflict with his duty. The interest referred to is not necessarily a money interest, nor is it an interest sufficiently large to induce a man generally honest to disregard his duty. It may be indirect. It is such an interest as is covered by the moral rule: No man can serve two masters whose interests conflict. Smith v. City of Albany, supra. Too great refinement of reasoning must not be indulged to uphold a contract against this provision of the law on the ground that the interest is so little or so indirect. In this case there is no suggestion that Mr. Carr was in any wise influenced, or took any action, or was concerned at all in the matter.

It seems to me that Mr. Carr was indirectly interested in this contract. Whether or not any dividends were declared by the Schenectady

Illuminating Company is not material. He was a stockholder and an officer, and every stockholder and officer is interested in the business of his company. Nearly all the stock was held by the General Electric Company, which is his employer at a considerable salary. If the question were whether or not Mr. Carr had been or would be influenced in his acts as a public officer by such interest, the court's acquaintance with him would insure a finding that he could not be so influenced. But the statute must be strictly construed, and I think the facts bring the case within the statute. To hold otherwise is to decide the case on the degree of indirect interest of the officer in the contract—is to decide it on the question whether the officer was in fact influenced and because thereof the public has suffered wrong. I do not understand that such consideration enters into the decision.

The parties have frankly stated that the case is contested for the sole purpose of procuring a holding from the court as a guide to the public officers of the county.

Ordered accordingly.