N. Y. 61, 63–65, 60 N. E. 1053; New York Elevator Supply Co. v. Bremer, 74 App. Div. 400, 402–403, 77 N. Y. Supp. 509, affirmed 175 N. Y. 522, 67 N. E. 1086), except in so far as Bartlett's share of the mortgage represents the payment of taxes.

[6] Defendant Kinbark holds a mortgage representing $7,701.79 of taxes paid by his assignor upon the premises in question, as well as $745.46 accrued rent paid by his assignor to prevent a dispossess proceeding. His assignor was a subcontractor, which had an interest in protecting its contract against a tax lien foreclosure or dispossess proceeding.

Any person interested in the equity of a building, whose owner fails or refuses to pay taxes, upon paying such taxes to protect his security, is entitled to be reimbursed on foreclosure in priority over all claimants except those having paid similar taxes. Sidenberg v. Ely, 90 N. Y. 257, 262–265, 43 Am. Rep. 163; Dunlop v. James, 174 N. Y. 411, 414–416, 67 N. E. 60.

Proposed findings passed upon and filed. Submit decision in accordance herewith. All questions as to costs will be determined on settlement of judgment.

Judgment accordingly.

---

(88 Misc. Rep. 230)

PEOPLE ex rel. CROWE v. PEEK et al.

(Supreme Court, Special Term, Schenectady County. December, 1914.)

1. NEWSPAPERS (§ 1*)—DESIGNATION OF—VALIDITY—"INTERESTED."

That one of the supervisors voting to designate a certain newspaper as the paper in which should be published the Session Laws, concurrent resolutions of the Legislature, and election notices, was employed at a stated salary as city editor of a newspaper corporation which published the paper designated, did not render the designation invalid, where it was made by a majority of the Democratic members, pursuant to County Law (Consol. Laws, c. 11) § 20; such supervisor not being "interested," within Penal Law (Consol. Laws, c. 40) § 1868, limiting the right of a public officer to become interested in any contract made by him in his official capacity.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, First and Second Series, Interest.]

2. MANDAMUS (§ 73*)—DESIGNATION OF NEWSPAPER.

Under County Law, § 20, providing that, if a majority of the members of the board of supervisors representing either party failed to designate a newspaper to publish the laws of that year, the paper last previously designated shall publish same, relator could not by mandamus compel the board to designate a certain paper, though the designation of another paper was illegal, where it appeared that such other paper was the paper legally designated for the past year.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 115, 135, 144–149; Dec. Dig. § 73.*]

Mandamus by the People, on the relation of H. S. Beldon Crowe, individually and as surviving partner of the Crowe Publishing Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany, against George Peek and others, as members of the Democratic party of the Board of Supervisors of Schenectady County, and others. Application denied.

Burritt B. Johnson, of Schenectady, for relator.

Naylon & Robinson, of Schenectady, for defendant Daily Gazette Co.

VAN KIRK, J. This is an application for a writ of mandamus, peremptory or alternative, directed to the defendants aforesaid, commanding them to cancel and declare null the designation of the Schenectady Gazette to publish the Session Laws, concurrent resolutions of the Legislature, and election notices for the year 1915, and commanding the said supervisors to designate the Delanson and Quaker Street Review to publish said Session Laws, concurrent resolutions, and election notices, or that the court declare the aforesaid designation of the Delanson and Quaker Street Review to publish laws, etc., to be the legal designation, and requiring said clerk of the board of supervisors to file such designation and send the proper notice to the secretary of state of such designation.

[1] Seven of the supervisors of the county of Schenectady are members of the Democratic party. Three of said Democratic members have designated the Delanson and Quaker Street Review to publish the Session Laws, concurrent resolutions of the Legislature, and election notices for the year 1915, and delivered said designation to the clerk of the board of supervisors. Shortly prior thereto four of said Democratic members designated to publish the same laws, etc., the Schenectady Gazette, and filed said designation with the clerk of the board of supervisors, who in turn sent to the secretary of state the proper notice of such designation. This latter designation, being made by a majority of the Democratic members, is a legal designation (County Law, § 20), unless Supervisor Hill, one of the four, was prohibited by law from acting because of his interest (Penal Law, § 1868), and therefore the contract so made could not be the basis of a legal charge against the county. Beebe v. Supervisors of Sullivan County, 64 Hun, 377, 19 N. Y. Supp. 629, affirmed on opinion below 142 N. Y. 631, 37 N. E. 566; also opinion of Attorney General, 1 Dept. Repts. 480, where section 1868 of the Penal Law is carefully discussed with reference to the acts of a supervisor in designating a paper to publish laws, etc., and cases cited.

The one question presented is whether or not Supervisor Hill is interested within the meaning of section 1868. He is an employé of the Daily Gazette Company and holds the position of city editor. The Daily Gazette Company publishes the Schenectady Gazette. It asked leave to intervene and answer; this permission was given. Supervisor Hill is not interested in the Daily Gazette Company or the Schenectady Gazette as stockholder, director, or officer; nor has he any financial or money interest in the paper. He is employed at a fixed salary. My attention is not called to any decision in our courts in which it has been held that a single employé is an interested person within the meaning of this provision of the Penal Law. The attorney general

has expressed the opinion that an employé may properly be said to have an indirect interest in the success of his employers. Upon such success or extension of business may depend, not only the amount of the employé's salary, but further may depend his receiving any employment whatever. Reports of Attorney General, 1912, p. 455.

There may be circumstances under which the employé would have an interest. For example, if he were working on a commission, or if the success of the business in which he was employed depended upon the contract which he was making, or if he represented his employer (under the terms of his employment) in making the contract, so that in some degree he would enjoy credit or benefit from the contract, he might be held to have an individual interest. No such circumstances exist here. The Schenectady Gazette is the principal, if not the only, Democratic paper published in the city of Schenectady. It has a very wide circulation and is apparently doing a prosperous business. There is no suggestion that the securing of this contract to publish the laws is necessary to its financial success, and it does not appear that it is any part of the services rendered by him as an employé of the Gazette to make contracts or procure new business. It does not appear that in any wise it can affect him financially whether or not this contract is made. His taking part in the designation is consistent with his duty as a supervisor and entire disinterestedness as an employé. It cannot be doubted that the Gazette comes within the requirements of the statute, or that the circulation of the Gazette would furnish a much wider circulation and publication of the laws and bring them to the attention of many more people than could the circulation of the Delanson and Quaker Street Review. The most general publicity, not patronage, is the purpose of the statute. People ex rel. Hall v. Ford, 127 App. Div. 444, 112 N. Y. Supp. 130.

It seems to me that it is extending the prohibition too far to hold that it covers a simple employé, working upon a fixed salary, who does not otherwise represent his employer in the transaction, because he is interested individually in the contract which he has taken part in making as a member of the board of supervisors. In making such a contract, under the facts in this case, it does not seem to me that he is serving two masters—that he is the agent of his employer. I realize that an employé may be, and often is considered to be, interested in behalf of his employer, and in many cases would be inclined to favor the employer, but doubt whether such conclusion should be reached from the naked fact of employment. More should be shown.

My opinion in Schenectady Illuminating Co. v. Board of Supervisors, 88 Misc. Rep. 226, 151 N. Y. Supp. 425, is urged as an authority here by the relator. In that case Mr. Carr (a supervisor) was a director, officer, and stockholder of the Illuminating Company. All of the stock of the Illuminating Company was held by the General Electric Company. Mr. Carr was in the employment of the General Electric Company, and as such was given one share of the stock to enable him to be such director and officer. As an employé of the General Electric Company he represented that company; he did the business concerning which the contract was made, on behalf of the General Electric Company. Un-

der these circumstances, it seemed to me that he was the agent of the General Electric Company, and he did have an interest in the contract.

[2] Whether or not I am correct in my conclusion that Supervisor Hill is not interested, and therefore the contract is enforceable, a mandamus cannot issue in behalf of the relator. Section 20 of the County Law permits a majority of the members of a party to designate a paper fairly representing the political party to which said members belong, regard being had to advocacy by such party of the principles of such party and the support of the state and national nominees thereof and to its regular and general circulation in the towns of the county, to publish the Session Laws and concurrent resolutions of the Legislature; also the election notices. It provides also:

"If a majority of the members of the board representing either of such parties cannot agree upon a paper or shall fail to make a designation of a paper or papers as above provided, then and in such case, the paper or papers last previously designated in behalf of the party or parties whose representatives, or a majority of them, have failed to agree shall be held to be duly designated to publish the laws for that year, and any designation of a paper or papers made contrary to the provisions of this section shall be void."

A majority of the Democratic members of the board of supervisors of Schenectady county have not designated the Delanson and Quaker Street Review. There is therefore no legal designation of that paper; and, if the designation of the Schenectady Gazette for the year 1915 is illegal, then no legal designation for 1915 has been made, and the Schenectady Gazette, being the paper legally designated for the past year, must be held to be duly designated to publish the laws, concurrent resolutions, and election notices for the year 1915.

No issue of fact is raised by the petition and answer. The issue is one of law. The writ of mandamus is denied. An order accordingly may be presented.

Application denied.