In the Matter of the Application of the Plattsburgh Publishing Company and Another, Petitioners, against Thomas F. Looby and Others, Supervisors of Clinton County, and Others, Respondents, for a Peremptory Order of Mandamus.

Supreme Court, Clinton County, April 8, 1925.

Counties — boards of supervisors — proceeding for order of mandamus declaring void action of Democratic members of board of supervisors under County Law, § 20, in designating newspaper for printing Concurrent Resolutions of Legislature for 1925 — seven of eight members making designation were stockholders in said corporation — designation invalid under Penal Law, § 1868, prohibiting public officer from executing contract in which he is personally interested — mandamus is proper remedy.

A resolution by the Democratic members of the board of supervisors of Clinton county, passed pursuant to section 20 of the County Law, as amended by chapter 467 of the Laws of 1921, designating a certain newspaper to publish the Concurrent Resolutions of the Legislature in the said county for 1925, is void and of no effect, where it appears that seven of the eight members who voted for the resolution were stockholders in the corporation publishing the paper designated, since such designation was in violation of section 1868 of the Penal Law which prohibits a public officer from making any contract in which he is personally interested.

Mandamus is the proper remedy, and the publisher of a rival newspaper is a competent party to institute the proceeding, but since the action of the said members of said board is without effect, there is no necessity for the issuance of a mandamus to the Democratic members of the board to undo their act. However, a mandamus order should issue to the Secretary of State, directing her not to contract with the newspaper illegally designated.

The paper last designated in behalf of the Democratic party in Clinton county is held to be duly designated to publish the Concurrent Resolutions for 1925, under section 20 of the County Law, which provides that if a majority of the members of either of two principal political parties represented in the board of supervisors fail to make a designation, the paper last designated in behalf of the party failing to make the designation shall publish said resolutions.

Petition for peremptory order of mandamus.

*Victor F. Boire,* for the petitioners.

*Harry P. Kehoe,* for the respondents.

*Albert Ottinger, Attorney-General [John B. Smith, Deputy Attorney-General,* of counsel], for the respondent Florence E. S. Knapp, Secretary of State.

Angell, J.:

The petition asks for a peremptory order of mandamus declaring void the action of defendant Democratic members of the board of supervisors of Clinton county, in designating the *Clinton County News, Inc.,* as the official paper for printing the Concurrent Reso-

lutions of the Legislature for the year 1925, and directing the Secretary of State to treat said designation as void.

Various preliminary objections are urged by respondents, some of which go to the merits and not to the form. The petition is inartificially prepared. No less.so is the replying affidavit of the *Clinton County News, Inc.*, which purports to be made by the corporation itself, beginning thus: " Clinton County News, Inc., being duly sworn," by its secretary, etc. The affidavit is also signed " Clinton County News, Inc." by its secretary, and instead of being sworn to is verified by the secretary in the manner required when an instrument is to be recorded. Surely this is novel practice. From the form of the petition (as it may be called) it is difficult to tell whether the draftsman considered he was drawing an affidavit, a complaint or a petition. It is signed by the attorney, as is a complaint, not by the party. Its opening statement is that " Thomas Farrell being duly sworn, deposes," etc.; a proper form only for an affidavit. It has no venue, but is addressed " To the Supreme Court," in the manner of a petition, and in the verification Farrell described himself as the petitioner. The paper sets up facts sufficient, however, so that it may be considered a petition by Farrell. The Plattsburgh Publishing Company (though evidently deemed one of the petitioners) is not made to join in the petition in any way, and, therefore, cannot be considered a party to this proceeding. These mistakes by both sides, however, may be disregarded in the interests of justice, and the matter treated upon its merits.

The board of supervisors of Clinton county consists of eight Republicans and eight Democrats. On the 19th day of November, 1924, the Democratic members of the board met and passed a resolution designating the *Clinton County News, Inc.*, as the paper to publish the Concurrent Resolutions in Clinton county for 1925. This action was taken under the provisions of section 20 of the County Law, as amended by chapter 467 of the Laws of 1921, which provides that the members of the board of supervisors in each county representing each of the two principal political parties, shall designate in writing a paper fairly representing the political party to which they belong to publish the Concurrent Resolutions of the Legislature for the ensuing year. The petition sets forth various facts intended to indicate that the *Clinton County News, Inc.*, which was organized and first published in August, 1924, does not fairly represent the Democratic party because of limited circulation, and other matters set forth. The crucial allegation of the petition, however, is that upon the organization of the *Clinton County News, Inc.*, seven of the eight Democratic members of the board of

supervisors became stockholders therein, and were such at the time they adopted the resolution designating it as the official paper. The answering affidavits contain no reference to or denial of this allegation. It must, therefore, be accepted as true.

It being true, the action of the Democratic supervisors was a gross violation of law. At the time of the passage of the resolution they were, presumably, ignorant of this fact or the resolution would not have been adopted. That, however, cannot change the situation. Section 1868 of the Penal Law provides: " A public officer * * * who is authorized * * * to make any contract in his official capacity, or to take part in making any such * * * contract, who voluntarily becomes interested individually in such * * * contract, directly or indirectly, except in cases * * * [not applicable here] is guilty of a misdemeanor."

In *Schenectady Illuminating Co.* v. *Supervisors of Schenectady County* (88 Misc. 226) Mr. Justice VAN KIRK held that an agent of the board of supervisors who had authority to purchase lamps could not lawfully purchase lamps from the Schenectady Illuminating Company, because a member of the board was a stockholder, officer and director of the illuminating company, and that a contract for such purchase was illegal under the section of the Penal Law above quoted. The same principle was held in *People ex rel. Crowe* v. *Peck* (88 Misc. 230); *Beebe* v. *Supervisors of Sullivan Co.* (64 Hun, 377; affd., on opinion below, 142 N. Y. 631); *Wood* v. *Town of Whitehall* (120 Misc. 124; affd., on opinion below, 206 App. Div. 786); *Heughes* v. *Board of Education* (37 id. 180) and in the authorities referred to in the opinions in those cases.

In the *Beebe* case, in which a board of supervisors contracted with one of their members as attorney to act for them in a litigation, the court, in holding that the attorney could not recover compensation for such service, said: " At the time of his employment the defendant Anderson was a member of the board of supervisors; they were the agents of the county of Sullivan, and as such had no right to enter into contracts for their own benefit with their principal, the county of Sullivan. They are trustees and have no right to enter into contracts with each other at the expense of those for whom they are acting, and whose interests they are bound to guard and protect. (Citing cases.) The illegality of such contracts does not depend upon statutory enactments, they are illegal at common law. It is contrary to good morals and public policy to permit municipal officers of any kind to enter into contractual relations with the municipality of which they are officers."

The courts have always scrupulously enforced the principle that

a public officer may not make a contract in his official capacity in which he is personally interested. It is, therefore, apparent that if the *Clinton County News, Inc.,* had published the Concurrent Resolutions under this designation, which was illegal both at common law and under the statute, it could have received no compensation for it. Payment would have been enjoined upon the application of any taxpayer. If suit had been brought on the contract for publication, the action would have been dismissed.

Respondents contend, however, that mandamus is not the proper remedy. Mandamus proceedings have been entertained in many cases involving the designation of newspapers to print the Session Laws. (*People ex rel. Bonheur* v. *Christ,* 208 N. Y. 6; *People ex rel. Guernsey* v. *Somers,* 153 App. Div. 623; *People ex rel. R. & J. Co.* v. *Wiggins,* 199 N. Y. 382.) In many of these cases writs or orders of mandamus have been denied upon the ground that the designation was in the discretion of the supervisors. In those cases facts were not presented, as here, showing the designation to be absolutely void.

Petitioner Farrell is a competent person to institute this proceeding. In *Baird* v. *Supervisors* (138 N. Y. 95) the relator sought a writ of mandamus against defendants directing them to forthwith convene and divide the county of Kings into Assembly districts in the manner and form required and contemplated by the Constitution and statutes of the State. The supervisors had divided the county into Assembly districts, but the court held that such division was palpably improper, and the supervisors were directed to reconvene and redistrict the county. The court (at p. 115) says: "Mandamus is the only remedy in such a case. Where the thing to be done does not rest in discretion and is to be performed by a public body or officer, and the act is of a public nature, in the execution of which the public is interested, its performance may be compelled by mandamus sued out upon the relation of any citizen of the community having an interest in the performance of the act."

That case was discussed and its doctrine approved in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92) where (at p. 100) Chief Judge CULLEN discusses the cases in which mandamus will lie. Here the petitioner Farrell, a citizen and taxpayer of Clinton county, is, in the language of the *Baird* case, a "citizen of the community having an interest in the performance of the act," to wit, the publication of the Concurrent Resolutions in a legal manner.

There is, however, no necessity of a mandamus issuing to the Democratic members of the board of supervisors to undo their

act.   The attempted designation amounts to nothing.   As said on page 115 in the *Baird Case* (*supra*), speaking of the illegal redistricting by the supervisors: " What they have done is utterly void and of no effect."   Neither will mandamus lie to compel the Democratic members of the board of supervisors to again meet and make another designation.   Mandamus lies only to compel an action required by law.   Here no action is required by the supervisors, for section 20 of the County Law (as amd. by Laws of 1921, chap. 467) specifies that if the majority of the members of the board representing either political party cannot agree upon a paper to publish the Concurrent Resolutions, or shall fail to make a designation, then the paper last designated in behalf of the party whose representatives fail to agree " shall be held to be duly designated to publish the Concurrent Resolutions for that year."

The situation with respect to the Secretary of State is somewhat different.   She is the person who makes contracts with the newspapers designated to publish the Concurrent Resolutions.   She is a public official, and her only interest in this case is, of course, to act in a legal manner.   But the void resolution of the Democratic supervisors is on file in her office.   A mandamus order may, therefore, issue to her, that she may be advised of the action of the court, directing her not to contract with the *Clinton County News, Inc.*, for the publication of the Concurrent Resolutions for the year 1925.

Ordered accordingly.