## STATE v. ELI DANCULOVIC.[1]

### July 30, 1926.

### No. 25,708.

**Appointee of state forester pursuant to § 4027 is a state appointee and only provision for compensating his services is under L. 1925, c. 407.**

1. Persons appointed by the state forester pursuant to G. S. 1923, § 4027, now L. 1925, c. 407, § 24, are state appointees and there is no provision for paying them for services rendered except as authorized by L. 1925, c. 407.

**No exception created by § 4027, as amended.**

2. G. S. 1923, § 4027, as amended, does not create an exception to the prohibitions contained in G. S. 1923, § 1096.

Officers, 29 Cyc. p. 1423 n. 31.
Towns, 38 Cyc. p. 633 n. 36.
Woods and Forests, 40 Cyc. p. 2799 n. 53 New.

Defendant was convicted in the district court for St. Louis county, Hughes, J., of the crime of being wrongfully interested in a payment

[1]Reported in 209 N. W. 941.

voted by the town board of which he was a supervisor. Certain questions were certified.

*McMahon & McMahon*, for defendant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Mason M. Forbes*, County Attorney, and *Philip M. Stone*, Assistant County Attorney, for the state.

WILSON, C. J.

Eli Danculovic was a supervisor of the town of White in St. Louis county. He was indicted and convicted of the crime of being wrongfully interested in a payment voted by the town board. The item was $76.50 as a salary for services claimed to have been rendered in January, 1926, as a fire warden. This was a monthly salary.

Defendant was appointed such warden by the state forester pursuant to the provisions of G. S. 1923, § 4027, as amended by L. 1925, p. 558, c. 407. The appointment was made in April, 1925, and his commission expired December 31, 1925. In January, 1926, the commission was extended. The fire season usually extends from about April to November. The warden in charge of the district in which the town of White is located did not consider it necessary for the fire warden to do any work in the month of January. In fact in the particular month of January involved, the ground was covered with snow. The town levied and collected a fire fund.

The trial court has under authority of G. S. 1923, § 10756, certified to this court two questions, to-wit:

"Question No. 1. In this prosecution in which the defendant, a town supervisor, is accused of being a party to a payment voted by the town board as a monthly salary for January, 1926, as a fire warden and patrol, payable out of a fire fund properly assessed, is it a defense that in the year 1925 the state forester had appointed defendant as a fire warden pursuant to Section 4027, General Statutes of 1923, as amended, and renewed or attempted to renew his commission as such fire warden by mailing him the notice set forth in the stipulation in the early days of January, 1926, which notice was

received by him in the due course of mail after the same was mailed to him as set forth in the stipulation herein?"

"Question No. 2. If Question No. 1 is answered in the affirmative, is it a violation of Section 1096, General Statutes of 1923, for the defendant to be a party to a payment made as salary for services performed by him in the particular month of January, 1926, as a fire warden and patrol under the appointment mentioned, payable out of the fire fund of said town, a fire fund having been theretofore levied, as stated in the stipulation herein?"

L. 1925, p. 568, c. 407, § 24, reads thus:

"The forester may appoint supervisors, constables, and clerks of towns, mayors of cities, and presidents or presiding officers of village councils, to be fire wardens for their respective districts; and they shall do all things reasonably necessary to protect the property of such municipalities from fire and to extinguish the same."

G. S. 1923, § 1096, so far as applicable reads thus:

"No supervisors * * * or town board shall become a party to or be directly or indirectly interested in any contract made or payment voted by the town board, * * * and every contract made and payment voted or made contrary to the provisions of this section shall be void, and any such officer violating the provisions of this section shall be guilty of a misdemeanor and in addition to the provisions prescribed by law, shall be removed from office."

1. There is no purpose in discussing the matter of how the appointment was extended by mail. The substance of the transaction was that defendant was the duly-appointed and acting fire warden. He did not however act under any directions from the state forester or state rangers. The appointment carried no salary. The defendant having received the appointment the town board proceeded to fix his salary. Defendant was interested and participated in voting the payment in violation of G. S. 1923, § 1096. But it is the claim of defendant that L. 1925, p. 568, c. 407, § 24, creates an exception thereto. The purpose of the prohibitive statute is to avoid temptation and to so place such public officer that he cannot subject him-

self to criticism. The well-established public policy of our state is that such contracts will not be tolerated regardless of their fairness or unfairness. Dun. Dig. § 6712; City of Minneapolis v. Canterbury, 122 Minn. 301, 142 N. W. 812, 48 L. R. A. (N. S.) 842, Ann. Cas. 1914D, 804; Town of Buyck v. Buyck, 112 Minn. 94, 127 N. W. 452, 140 Am. St. 464. The statute specifies certain exceptions not here important other than that where there are to be exceptions they are mentioned. This is important. Town of Martinsburg v. Butler, 112 Minn. 1, 127 N. W. 420. The fact that the law of 1925 authorizes the appointment in no way impairs the efficiency of G. S. 1923, § 1096, nor does it create an exception thereto. It is the duty of town supervisors to protect property from forest and prairie fires. L. 1925, p. 562, c. 407, § 11. The appointment under L. 1925, p. 568, c. 407, § 24, really adds nothing in the absence of an order from a superior in the service. Public officers take office cum onere and are not entitled to compensation for services performed unless the law expressly so provides. State ex rel. Johnson v. Smith, 84 Minn. 295, 87 N. W. 775; Board of Co. Commrs. v. Dickey, 86 Minn. 331, 90 N. W. 775; Trovaton v. County of Pennington, 135 Minn. 274, 160 N. W. 766.

It is provided by L. 1925, p. 563, c. 407, § 13, that the state forester shall inspect and recommend to the forestry board, created by § 3 thereof, for allowance, bills for salary and expenses of district rangers and other employes in the prevention and suppression of such fires. It would seem that an appointment from this source (§ 24) would call for a reasonable compensation for services rendered in an emergency or as directed by the appointing power but such compensation should come from the forestry board and not from the town. The service contemplated by § 24 is incidental duty in fire prevention and emergency duty in fire extinguishment. No full time duty is contemplated. Such appointees are state officers and not town officers. It is provided by § 17 that persons employed to fight fires—and they may be commandeered by state fire rangers—are to be paid not more than 35 cents per hour which is quite different than drawing a monthly salary. Persons appointed to office under chapter 407 must look to that law for their compensation.

The first inquiry is answered in the negative.