## VILLAGE OF COURTLAND v. COURTLAND ELECTRIC. COMPANY.[1]

October 14, 1927.

No. 26,247.

**Contract between plaintiff and defendant company to furnish village electric light and power was void.**

The plaintiff village made a contract with the defendant for the furnishing of electricity to the village. The officers of the village were stockholders and officers of the corporation. The corporation was organized for the purpose of furnishing electricity to the village. The original plan was that the village construct a plant of its own. This was abandoned. It was then agreed that the plaintiff would construct a distributing plant within the village, using $2,500 which it had raised by bonds for the construction of a plant and $500 which was available in its general fund; that the defendant would pay the cost in excess of $3,000, connect with a high line a few miles away, purchase current, install service wires and meters in the village, furnish electricity at specified rates, and own the plant. The contract was void and the plaintiff was entitled to recover $3,000 and interest.

Municipal Corporations, 28 Cyc. p. 653 n. 73; p. 687 n. 37 New.

Defendant appealed from an order of the district court for Nicollet county, Olsen, J., denying its motion for a new trial. Affirmed.

*Somsen, Dempsey & Flor* and *A. R. Pfau, Jr.,* for appellant.

*George T. Olsen* and *H. L. & J. W. Schmitt,* for respondent.

DIBELL, J.

Action to annul a contract between the plaintiff and the defendant. There were findings annulling the contract and ordering judgment for the plaintiff for $3,000 with interest from January 1, 1921. The defendant appeals from an order denying its motion for a new trial.

[1] Reported in 215 N. W. 673.

The contract bore date of December 20, 1920.  It related to the furnishing of electric light and power to the plaintiff village by the defendant and its provisions are hereafter noted.

In April, 1920, the plaintiff village had under consideration the construction of an electric light plant in the village to furnish light and power for its own use and for the use of its inhabitants.  It had determined to construct a plant and in May issued bonds in the amount of $2,500 for its construction.  It had in addition $500 available in its general fund.  It was soon apparent that $3,000 was insufficient, and an arrangement for the incorporation of the defendant electric company was then made.  All of the officers of the village were stockholders and most of them officers.  The plan of constructing an electric light plant as originally intended was abandoned.  It was agreed that the village would construct a distributing system within its limits and that the defendant would construct a line to carry the power from the Northern States Power Company high line three and one-half miles away, purchase the current, install service wires and meters in the village, and pay the village any excess over $3,000 in the cost of constructing the distributing system.  The cost was $3,773, and the defendant paid the excess.  The defendant contracted for the line from the Northern States Power Company, obtained the current and installed meter and service lines in the village, all at its own expense.  The construction was completed in the last few days of December, 1920.  From that time the plant has been operated by the defendant, it has received the income, has made material alterations and changes, and now supplies three other villages with current passing through the plaintiff village.

The contract assumes to put the title to the plant in the defendant and provides for the furnishing of power and light to the village and its inhabitants.  It does not embody the original plan of the plaintiff.  The contract and all the arrangements and agreements leading to it are void.  The only question is whether proper relief was granted.

The relief was appropriate.  Whatever the form of the contract, it is clear that the village, realizing its inability to construct the

contemplated plant, agreed that the $3,000 which it had available should go into a distributing plant, which was not the original plant contemplated, and that the defendant should contribute the rest of the money necessary to construct it, as it did, and should have the plant. The transaction, whatever its form, in substance resulted in the city's donating $3,000 to the defendant in aid of the construction of a completed plant which would take the current from the Northern States Power Company high line and distribute it in the village. The two parts of the plant were built by one contractor under separate contracts. The portion built under the contract with the village cost $3,773, was worth that much, and the cost was paid in the proportions stated, and by the contract was the defendant's property. The village might as well have advanced the defendant $3,000 with which to build. Under the view we take, G. S. 1923, § 1248, conditioning the sale or lease of such a plant, is not important.

Order affirmed.