[Civ. No. 4044.   Third Appellate District.—November 1, 1930.]

HOBBS, WALL & COMPANY (a Corporation), Appellant,
v. J. J. MORAN, Respondent.

John L. Childs and J. F. Coonan for Appellant.

Geo. W. Howe for Respondent.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is an appeal from a judgment refusing to grant a writ of mandate to compel the treasurer of Crescent City to cash warrants which were issued by the city in payment for supplies purchased from the petitioner.

The appellant is a corporation engaged in a general merchandise business at Crescent City. The respondent was the treasurer of that city. Leo A. Dressler was a member of the city council. He was also employed on a salary as the manager of the mercantile business. He was not a stockholder in the corporation and had no direct pecuniary interest in it. He merely acted as the agent and manager thereof. During the time Dressler's relationship existed as manager of the business and member of the council the city purchased from the petitioner merchandise and supplies of the value of $249.66. Four claims were duly presented to the city for payment of these bills. They were approved and ordered to be paid by the council. Dressler participated in this action of the council, voting to pay the claims. Warrants were accordingly issued and presented for payment to the treasurer by the petitioner. Payment of these warrants was refused. This action was then commenced to procure a writ of mandate to compel the payment of the warrants. The court held that the merchandise was purchased in violation of section 886 of the Municipal Corporation Act of California, and that the transaction was illegal. The petition for a writ was thereupon denied.

It conclusively appears that Councilman Dressler, as the manager of the business from which the supplies were purchased, was indirectly interested in the transaction, and that it was therefore illegal.

Section 886 of the Municipal Corporation Act of California (Deering's Gen. Laws 1923, Act 5233, p. 2247) provides:

"No officer of such city or town (of the sixth class, to which Crescent City belongs) shall be interested, directly *or indirectly,* in any contract with such city or town, or with any of the officers thereof in their official capacity, or in doing any work *or furnishing any supplies* for the use of such city or town, or its officers in their official capacity;

and any claim for compensation for work done, or supplies or materials furnished, in which any such officer is interested, shall be void, and if audited and allowed shall not be paid by the treasurer. Any wilful violation of the provisions of this section shall be a ground for removal from office, and shall be deemed a misdemeanor, and punished as such.''

This statute provides that not only the contract, which is executed under such circumstances, is void, but any claim for payment of work or supplies purchased under such circumstances shall also be illegal. Indeed, the entire transaction is void, and the treasurer, under penalty, is prohibited from paying such claims. It is, therefore, immaterial, in the present case, whether Dressler was a party to the original making of the contract for the supplies which are here involved, or not.

The challenged claims contained several items for water furnished to the fire department of the city. █ A public utility corporation which is engaged in supplying customers with water is entitled to collect the value of water furnished to a city in spite of the inhibition of the Municipal Corporation Act, *supra*. This exemption from the application of the statute is declared to exist for the reason that a public utility corporation is compelled by law, as distinguished from contract, to supply all customers, upon demand, and such public utility corporations are subject to regulation by the Railroad Commission. (*Capital Gas Co.* v. *Young*, 109 Cal. 140 [29 L. R. A. 463, 41 Pac. 869].) However, there is no evidence in the present case that the appellant was engaged in the business of supplying the public with water. It does not appear that the mercantile company was also a public utility corporation. For that reason the items for water which were included in the challenged claims were also within the inhibition of the statute and were properly rejected as illegal.

█ Statutes which declare contracts or transactions with a municipality to be void when an officer of such city is privately interested therein are based on the sound principle that the officer's interests are conflicting and that it is contrary to public policy to permit an officer under such circumstances to purchase supplies for a city or participate in a contract with respect thereto. Such transactions are

held to be void whether they arise from the relationship of an agency which is public, *quasi* public or private in its nature. The theory of the law is that a councilman or other officer of a city sustains the same fiduciary relationship toward the citizens of his community that a trustee bears to his *cestui que trust*, and should therefore act with the utmost good faith. (2 McQuillin's Municipal Corp., 2d ed., p. 216, sec. 531; *Woods* v. *Potter*, 8 Cal. App. 41 [95 Pac. 1125]; *Berka* v. *Woodward*, 125 Cal. 119 [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777]; 18 Cal. Jur. 978, sec. 253; 44 C. J. 89, sec. 2169.)

■ It is argued that since the councilman, Dressler, was merely employed and worked for a salary as manager of the mercantile corporation, that he was not a stockholder and that he had no pecuniary interest therein, he was, therefore, not interested in the business to such an extent or in such a manner as to invalidate the transaction, since the supplies were purchased for the city in perfect good faith.

The statute declares that a transaction consisting of the "furnishing of any supplies" for a city or town in which an officer is "directly or indirectly" interested, shall be void. As manager of the mercantile business, which employment demanded strict loyalty to his employer, it may be inferred Dressler, as a councilman, was not free to negotiate a bargain in behalf of the city as favorable to the municipality as though these conflicting interests did not exist. Dressler's membership on the council may reasonably be expected to influence his associates in purchasing supplies for the city. The desire to favor a fellow-councilman, unwarranted confidence, or carelessness in bargaining for supplies might result in a substantial loss to the city. It is not necessary to show actual fraud, dishonesty or loss to invalidate the transaction. The purpose of the statute is to remove all indirect influence of an interested officer as well as to discourage deliberate dishonesty.

Nothing in the relationship of a public officer should prevent him from exercising absolute loyalty and undivided allegiance to the best interest of the municipality he serves.

Although Mr. Dressler had no greater interest in the transaction than is shown by the mere agency as business manager of the store from which the supplies were purchased, even though they were obtained in perfect good

faith at favorable prices, still the transaction was void and the claims were illegally allowed.

In the case of *Stockton P. & S. Co.* v. *Wheeler,* 68 Cal. App. 592 [229 Pac. 1020, 1024], it was held that a contract with the city of Stockton for plumbing to be installed in a public building of the city was illegal and void because Charlesworth, a member of the city council, was also foreman of the sheet metal department of the hardware business with which the contract was made. The court there says:

"If his interest in the contract is such as would tend in any degree to influence him (Charlesworth) in making the contract, then the instrument is void because contrary to public policy. . . . Indeed, we think it cannot well be denied that, abstractly speaking, the interest which Charlesworth had in the petitioner's business would be sufficient to invalidate any contract made by a public officer in which he had a similar interest."

Upon the same principle the vendor or party contracting with a municipality under such circumstances is also denied the right to recover upon a *quantum meruit.* (*Berka* v. *Woodward, supra;* 18 Cal. Jur. 978, sec. 253.)

Our courts have been very scrupulous in the enforcement of the spirit of statutes similar to the one which is here involved. (*Osburn* v. *Stone,* 170 Cal. 480, 490 [150 Pac. 367]; *Pacific Vinegar Works* v. *Smith,* 145 Cal. 352, 366 [104 Am. St. Rep. 42, 78 Pac. 550].) When it appears that an officer is substantially benefited, financially or otherwise, by his participation in a contract with the municipality which he represents, the transaction is invariably declared to be illegal. Under such circumstances, in its effort to uphold the transaction, a court will not resort to fine distinctions in order to determine just what facts will constitute an "indirect interest" on the part of the officer. The case of *Moody* v. *Shuffleton,* 203 Cal. 100 [262 Pac. 1095, 1096], illustrates this tendency on the part of the courts. In that case H. L. Moody sold a newspaper and job printing business to his son, accepting a chattel mortgage as part payment therefor. The father was thereafter elected supervisor of the county in which the printing business was located. The son continued to supply the county with job printing, presenting his claims therefor. These claims were

approved by the supervisors. The father participated in this approval. The auditor refused to draw warrants for the claims. In a suit for a writ of mandate the trial court ordered the claims to be paid. On appeal the Supreme Court reversed the judgment and said with reference to the statute which is here involved:

"The foregoing statutory pronouncements are in consonance with the well-settled policy of the common law and numerous decisions are to be found vigorously enforcing the rule."

In rendering the decision the Supreme Court approved the following contention of the auditor, that:

"The value of the security of said chattel mortgage is therefore increased by the business received by said newspaper . . . and said H. L. Moody is benefited thereby."

It follows, in the present case, that Dressler, as manager, had such an interest in his employer's mercantile business as to preclude him from participating, as a member of the council, in the allowance of the claims.

Clearly the facts of this case bring it within the inhibition of the statute. The transaction was illegal and void. Payment of the warrants was properly refused. The writ of mandate was, therefore, properly denied.

The judgment is affirmed.