## JOHN F. SINGEWALD AND ANOTHER v. MINNEAPOLIS GAS COMPANY AND OTHERS.

142 N. W. (2d) 739.

May 13, 1966—No. 39,953.

*Wright & West* and *Gislason, Reim, Alsop & Dosland,* for appellants.
*Mastor, Hart & Seran* and *George C. Mastor,* for respondent gas company.
*Grannis & Grannis,* for other respondents.

---

[1] 7 Dunnell, Dig. (3 ed.) § 3227(a); McCormick, Evidence, § 54.

PER CURIAM.

Appeal from a judgment of the district court.

On August 17, 1964, the Burnsville village council adopted Ordinance No. 33 as a result of which the Minneapolis Gas Company was granted a non-exclusive franchise for the sale and distribution of gas in a part of that village. As a result, both the Minneapolis Gas Company and a competing utility, the Minnesota Valley Natural Gas Company, have franchise rights in the area involved.

Action was instituted to have the ordinance declared void upon the ground that one of the members of the council was interested in the franchise contract authorized by the ordinance within the meaning of Minn. St. 412.311, which provides that no member of a village council "shall be directly or indirectly interested in any contract made by the council."

The trial judge to whom the matter was submitted has made no specific finding of fact on this determinative issue. He did find that one of the three council votes required for passage of the ordinance was cast by an employee of the Minneapolis Gas Company, who, in doing so, "acted exclusively as a faithful servant of the Village of Burnsville without intent on his part directly or indirectly to profit by his favorable vote * * *."

The findings of fact as formulated do not support the trial court's conclusion that the ordinance is valid. This is so because in our opinion the prohibition of § 412.311 (in contrast to that set out in § 471.87 which forbids a "personal financial interest" by public officers in situations such as this) was intended to bar participation in council action by one directly or indirectly interested in the contemplated contract, regardless of his good faith and notwithstanding the fairness or reasonableness of the agreement involved.

No Minnesota decision has dealt specifically with the question whether a councilman having the relationship to a party contracting with the village disclosed by the record here is directly or indirectly interested in the contract within the meaning of § 412.311.[1] There is an apparent conflict in the decisions of other appellate courts on this question.[2] We agree with the line of

[1] Decisions of our court dealing with the problem generally include Stone v. Bevans, 88 Minn. 127, 92 N. W. 520; City of Minneapolis v. Canterbury, 122 Minn. 301, 142 N. W. 812, 48 L. R. A. (N. S.) 842; State v. Danculovic, 168 Minn. 359, 209 N. W. 941; In re Petition of Jacobson re County Ditch No. 24, 234 Minn. 296, 48 N. W. (2d) 441; Village of Courtland v. Courtland Elec. Co. 172 Minn. 392, 215 N. W. 673; and First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L. R. A. (N. S.) 84.

[2] See, Stockton Plumbing & Supply Co. v. Wheeler, 68 Cal. App. 592, 229 P. 1020; Hobbs, Wall & Co. v. Moran, 109 Cal. App. 316, 293 P. 145; Josephson v. Planning Bd. of City of Stanford, 151 Conn. 489, 199 A. (2d) 690; People ex rel.

authorities of which Griggs v. Borough of Princeton, 33 N. J. 207, 162 A. (2d) 862, is illustrative. There it was said that the disqualification to vote should be applied even though the councilman involved be "motivated by a high sense of responsibility for community affairs." 33 N. J. 221, 162 A. (2d) 870.

We do not subscribe to the principle that council action should be vitiated in situations such as this if the vote of the councilman directly or indirectly interested in the contract would not be determinative of the action taken.

In deference to the factfinding function of the district court, the matter is remanded for additional findings in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

OTIS, JUSTICE (concurring specially).

Since I read our opinion to hold that under the facts before us the trial court can make no finding except that Minneapolis Gas Company's employee while acting as a member of the village council was indirectly interested in the adoption of the ordinance granting his employer a franchise, I would reverse without remanding.

Pearsall v. Sperry, 314 Ill. 205, 145 N. E. 344; Byrne & Speed Coal Co. v. City of Louisville, 189 Ky. 346, 224 S. W. 883; Pyatt v. Mayor & Council of Dunellen, 9 N. J. 548, 89 A. (2d) 1; Edward E. Gillen Co. v. City of Milwaukee, 174 Wis. 362, 183 N. W. 679; Heffernen v. City of Green Bay, 266 Wis. 534, 64 N. W. (2d) 216.

In contrast note Mumma v. Town of Brewster, 174 Wash. 112, 24 P. (2d) 438; County Court v. City of Grafton, 77 W. Va. 84, 86 S. E. 924; and People ex rel. Crowe v. Peck, 88 Misc. 230, 151 N. Y. S. 835.