[Civ. No. 4083.   Third Appellate District.—November 1, 1930.]

J. M. HOTCHKISS, Respondent, v. J. J. MORAN, Appellant.

George W. Howe for Appellant.

John L. Childs and J. F. Coonan for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment awarding a writ of mandate to compel the appellant, as treasurer of Crescent City, to cash certain warrants issued to the respondent, a public service corporation, in payment of the purchase price of electric energy for lighting the city.

This is a companion case to that of *Hobbs, Wall & Co.* v. *Moran, ante,* p. 316 [293 Pac. 145], in which an opinion of this court was this day filed. The essential facts of the two cases differ materially.

The respondent is a public service corporation, engaged in the enterprise of manufacturing and marketing hydroelectric energy for lighting purposes in and about Crescent City. Hotchkiss, the president of this electric lighting corporation, was also a stockholder in a mercantile corporation doing business in the same community under the name of Hobbs, Wall & Company. Leo A. Dressler was the business manager of this mercantile establishment, working for it on a salary. He was not otherwise interested in the mercantile company. He was not a stockholder or employee of the electric lighting company, He was, at the same time, a member of the city council and chairman of the finance

committee of Crescent City. The petitioner, electric lighting company, sold and furnished Crescent City with electric energy for lighting the city and its public buildings. Claims amounting to the sum of $305.82 were presented to the city for this service and allowed with the approval of Councilman Dressler. Warrants were drawn therefor and presented for payment to the appellant as treasurer of the city. Payment of these warrants was refused on the ground that the contract for lighting the city was illegal and void under the provisions of section 886 of the Municipal Corporation Act of California (Deering's Gen. Laws 1923, Act 5233, p. 2247), for the reason that one of the councilmen of Crescent City was interested in the company which supplied the electric light to the city. This suit was thereupon instituted. The trial court ordered a writ of mandate to issue directing the treasurer to pay the warrants. From this judgment the treasurer has appealed.

The judgment should be affirmed for two reasons. It is true that section 886 of the Municipal Corporation Act, *supra,* provides in part:

"Any claim for compensation for work done, or supplies or materials furnished, in which any such officer (of a city or town) is interested (directly or indirectly) shall be void, and if audited and allowed shall not be paid by the treasurer."

It is also true this rule is inflexible and the courts will not trifle in enforcing the spirit of the law. (*Pacific Vinegar etc. Works* v. *Smith,* 145 Cal. 352 [104 Am. St. Rep. 42, 78 Pac. 550]; *Osburn* v. *Stone,* 170 Cal. 480, 490 [150 Pac. 367].) ██ In the present case, however, Councilman Dressler was not employed with or interested in the electric lighting company, directly or indirectly.

It may not reasonably be said a contract for lighting a city violates the Municipal Corporation Act merely because the councilman who participates in the transaction is the manager of a mercantile business in which a prominent stockholder of the electric company is also a stockholder. The interest of the councilman under such circumstances is too remote and speculative upon which to assume the contract will be affected thereby.

██ Moreover, the respondent Hotchkiss Electric Light Company is a public utility corporation engaged in the

business of generating and marketing electric energy for Crescent City and its vicinity. It is the only electric lighting company from which the city can procure the energy. Subject to regulation by the California Railroad Commission, as provided by article XII, section 23, of the Constitution of California, and section 46 of the Railroad Commission Act of California (Stats. 1915, p. 138), upon demand, the respondent is bound to supply Crescent City with light for municipal purposes. The reason for protecting a city against the possible result of the personal interest of an officer in a contract or transaction with a city, as provided by the Municipal Corporation Act, does not exist under such circumstances. The obligation of the lighting company to supply this public utility to the city under the law distinguishes the transaction from the mere enforcement of a contract.°

In the case of *Capital Gas Co.* v. *Young,* 109 Cal. 140 [29 L. R. A. 463, 41 Pac. 869, 871], a claim of the gas company for gas supplied to the city of Sacramento was sustained although the mayor of the city was also a stockholder in the company at the time the contract was awarded and when the claims were presented for payment. The court said:

"Under the operation of this law (sec. 629 of the Civil Code as it existed prior to the enactment of the Public Utilities Act of 1915) the gas company was not a free agent, with power to contract or refuse to do so, but it became its duty, upon demand, to furnish gas to the city, irrespective of the status of its president.

"This duty to furnish gas to the city devolved upon respondent, not by virtue of any contract, but by operation of law, and hence the laws governing ordinary contracts resting in the volition of the parties thereto have no application."

It is true that section 629 of the Civil Code was repealed after the rendering of the last cited authority. The principle which is there announced is nevertheless applicable to the present case. Independent of the Civil Code provision which was construed in that case, a public utility corporation is bound, upon demand, to supply its commodity to consumers. Section 629 of the Civil Code was repealed only because the regulation of public utilities was transferred to

the Railroad Commission by the terms of the constitutional and statutory provisions above mentioned.

The judgment is affirmed.